**CITY OF HUDSON, Appellant,**

v.

**R. L. IVIE, Jr., Appellee.**

No. 8437.

Court of Civil Appeals of Texas, Beaumont.

Dec. 13, 1979.

William Drew Perkins, Lufkin, for appellant.

Kenzy D. Hallmark, Lufkin, for appellee.

KEITH, Justice.

The appellant, City of Hudson (hereinafter "City"), has perfected a dual appeal, one from an order dissolving a temporary restraining order; the other, from an order which dismissed its suit for condemnation for a right-of-way over appellee's land.

City, engaged in construction of a sanitary sewer system, instituted eminent domain proceedings to secure a small strip of land owned by defendant for use in its system. The Commissioners held a hearing and duly entered an award which was filed in the office of the trial judge. The defendant landowner duly and timely filed his objections to the award and the matter then became a judicial proceeding in the County Court at Law of Angelina County.

City then filed its application for a temporary injunction, reciting the foregoing fact, and asserting that the defendant had, through threats of the use of force, prevented its contractors from entering upon the land and laying the sewer line thereon over the easement which it had sought in the condemnation proceedings. The trial court granted the temporary restraining order and set a hearing on the application for the temporary injunction for October 11, 1979. On October 9, the defendant filed his plea in abatement contending that City had made no good faith effort to negotiate for the right-of-way before instituting the condemnation proceedings. He sought dismissal of the condemnation proceedings.

On October 11, 1979, the hearing on the application for the temporary injunction came on for consideration.[1]

After hearing from several witnesses, the trial court announced that the application was granted. "The temporary injunction will be issued according to the language contained in the last paragraph on page two of your original petition." Defendant gave notice of appeal. The certificate of the court reporter on this portion of the statement of facts bears the date of October 17.

On October 24, the statement of facts reveals that the Court heard defendant's motion to dissolve the temporary injunction, although we have no record of any written order granting a temporary injunction having been filed. Without hearing any evidence, the Court entered an order on October 29 entitled "Order of Dismissal of Injunction" which dissolved the temporary injunction. City duly perfected an appeal from this order.

Without any record showing of notice or any type of hearing, an order was entered on November 7, 1979, dismissing the entire proceeding. City has likewise perfected an appeal from this order.

We consolidated the two appeals, advanced the submission under *Tex.R.Civ.P. 385(d)*. We will reverse the judgment dismissing the cause, order its reinstatement, but do not disturb the order dissolving the temporary injunction.

From our lengthy statement of the underlying facts, it is abundantly clear that the only hearing at which evidence was introduced was on City's application for a temporary injunction. Two Supreme Court cases control our action: *Houston Belt & Terminal Railway Co. v. Texas & New Orleans Railroad Co.*, 155 Tex. 407, 289 S.W.2d 217 (1956), which was followed in *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978).

We take this quotation from *Davis*:

"At a hearing upon the request for a temporary injunction the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co., supra.* On appeal the reviewing court is limited in its consideration as to whether the trial court abused its discretion in making the foregoing determination."

Moreover, as pointed out in *Davis v. Huey*, supra:

"This court will not assume that the evidence taken at a preliminary hearing will be the same as the evidence developed at a full trial on the merits." (Id.)

It follows that we are of the opinion that the trial court erred in dismissing the eminent domain proceedings upon the basis of evidence introduced upon the hearing on the application for the temporary injunction. Consequently, we reverse the order of dismissal and remand the cause to the trial court with instructions to reinstate the same upon the docket for further proceedings in accordance with law.

---

1. The statement of facts begins: "In a temporary injunction hearing held on October 11th, 1979, in Lufkin, Texas, before the Honorable David M. Cook, Angelina County Court-At-Law Judge, the following proceedings were had and testimony adduced: THE COURT: Mr. Perkins, you may proceed. MR. PERKINS [Counsel for City]: If it please the Court, I understand we are here on the request of the temporary restraining order and the temporary injunction. I'd like to call Mr. Ivie under the adverse party rule."

It does not follow, however, that we are required to reinstate the order granting the temporary injunction. We have read the statement of facts containing the evidence offered at such hearing and do not conclude that the trial court abused its discretion in dissolving the temporary injunction which had been improvidently granted a few days earlier.

The order dismissing the cause is reversed and we now remand the cause to the trial court with instructions that the same be reinstated upon the docket of the trial court for disposition in accordance with law. In so doing, we do not express any opinion upon the merit, or lack thereof, of the jurisdictional question discussed in the briefs of the parties.

Reversed and Remanded with instructions.