Davendra D. DESAI, Appellant,

v.

**RELIANCE MACHINE WORKS, INC., Natu Patel and Kokila Patel, Appellees.**

No. A14–90–280–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 11, 1991.

Rehearing Overruled Aug. 22, 1991.

Stuart M. Nelkin, Kathy D. Boutchee, Houston, for appellant.

Leonard L. Scarcella, Stafford, Deborah Bailey, Suger Land, for appellees.

Before JUNELL, MURPHY and CANNON, JJ.

## OPINION

JUNELL, Justice.

This is an interlocutory appeal from the trial court's order dissolving a temporary injunction. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1989). In six points of error, appellant asserts that the trial court abused its discretion in dissolving the temporary injunction. We affirm.

Reliance Machine Works, Inc. was founded in 1982 by appellant and appellee, Natu Patel. Fifty percent of the stock was issued to appellant and the remaining fifty percent was issued to Dhanash Patel, Natu Patel's brother. Appellant and Dhanash Patel were the sole officers of the corporation and the only members of the board of directors. In 1983, the parties entered into an oral agreement whereby ownership of Reliance would be transferred to appellant's wife, Minaxi Desai, and appellee, Kokila Patel, in order to qualify as a minority (female) owned business for the purposes of securing government contracts. Shortly thereafter, fifty-one percent of the stock was transferred to appellee, Kokila Patel, and this is where the dispute begins. Appellees contend that the issuance of an additional one percent of the stock to Kokila Patel was permanent in that it was in exchange for $55,000 of unpaid salaries. Appellant asserts that this arrangement was only temporary due to the fact that Minaxi Desai was in India at the time, and that the agreement was that ownership in Reliance would be equalized upon her return. When Minaxi Desai returned from India, Kokila Patel did not relinquish her majority interest. Appellant contends that appellee, Kokila Patel, fraudulently obtained the majority interest in Reliance and has used that interest to the detriment of Reliance and appellant.

In January 1987, appellant brought a shareholder's derivative suit against appellees and on April 2, 1987, the trial court entered a temporary injunction order enjoining the appellees from engaging in twenty enumerated acts. The temporary injunction order did not include an order setting the cause for trial on the merits. On March 21, 1990, the trial court dissolved the temporary injunction upon a finding that a material and substantial change in circumstances and conditions had occurred since the issuance of the temporary injunction, and appellant appealed. On appellant's motion, this court entered a temporary order, pursuant to TEX.R.APP.P. 43(c), continuing the injunction pending disposition of this appeal.

■ By way of a counterpoint, appellees assert that the trial court did not abuse its discretion in dissolving the temporary injunction because the original temporary injunction order did not comply with TEX. R.CIV.P. 683. Rule 683 provides, in pertinent part, that:

> Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought.

TEX.R.CIV.P. 683. The trial court's April 2, 1987 order granting the temporary injunction did not include an order setting the cause for trial on the merits. We agree that had appellees appealed from the original order, the temporary injunction should have been dissolved. *E.g., Interfirst Bank San Felipe N.A. v. Paz Construction Co.,* 715 S.W.2d 640 (Tex.1986). However, appellees did not perfect an appeal from the initial order, and the time limit for doing so has long since expired. *See* TEX.R.APP.P. 42(a). Accordingly, we have no jurisdiction to review the validity of the trial court's April 2, 1987 order granting the temporary injunction. *See, e.g., Ludewig v. Houston Pipeline Co.,* 737 S.W.2d 15, 16 (Tex. App.—Corpus Christi 1987, no writ); *Tober v. Turner of Texas, Inc.,* 668 S.W.2d 831, 834 (Tex.App.—Austin 1984, no writ). Appellees' counterpoint is overruled.

■ The decision to dissolve a temporary injunction is a matter lying within the broad discretion of the trial court. Our review of the trial court's order of dissolu-

tion is limited to the narrow question of whether the trial court's action constituted a clear abuse of discretion. *See Tober*, 668 S.W.2d at 834; *State v. Friedmann*, 572 S.W.2d 373, 375 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). The trial court has the authority to dissolve a temporary injunction upon a showing of changed conditions. *See, e.g., Tober*, 668 S.W.2d at 835–36. Here, appellees' motion to dissolve alleged that, since the issuance of the temporary injunction, appellees had been effectively excluded from any participation in the operations and management of Reliance. After three days of testimony in a contested hearing, the trial court dissolved the injunction upon a finding of material and substantial changes in circumstances and conditions since the issuance of the temporary injunction on April 2, 1987.

■ Appellant's first point of error asserts that the trial court abused its discretion in dissolving the temporary injunction because there was no change in circumstances that altered the status quo that existed at the time the temporary injunction was granted. We cannot agree. The trial court heard testimony that numerous changes in Reliance had occurred since the issuance of the temporary injunction. These changes were made at the direction of appellant and without the participation of Kokila Patel, the majority shareholder and member of Reliance's board of directors.

Appellees introduced testimony at the hearing to show that appellant had relocated Reliance to a larger facility. The testimony indicated that the new site was environmentally contaminated by leaking gasoline tanks. The relocation of the business was a part of appellant's course of expansion which would include increased numbers of employees and equipment. In relocating the company, appellant entered into a new lease agreement which called for increased monthly rent and insurance costs. Furthermore, Reliance's new landlord would become a business entity operated by members of appellant's family. Whether these changes were beneficial to Reliance or not, they were completed without the knowledge or participation of Kokila Patel. Further testimony revealed that Kokila Patel had even been barred admittance to Reliance's facilities.

When the temporary injunction was issued, Kokila Patel was in possession of 51% of the outstanding stock in Reliance. The dispute in the underlying case involves the ownership of the 1% controlling interest. Rather than curtail Kokila Patel's alleged abuse of that controlling interest, ample testimony was introduced to show that, since the issuance of the temporary injunction, Kokila Patel has been deprived of *any* participation in the management, operation, and benefits of Reliance. Under these circumstances, we hold that the trial court did not abuse its discretion in dissolving the temporary injunction. The first point of error is overruled.

In his second point of error, appellant asserts that the trial court abused its discretion when it dissolved the temporary injunction because the dissolution imperils his rights. In support of this contention appellant relies on the holding in *Lone Star Mining Co. v. Texeramics, Inc.*, 340 S.W.2d 871 (Tex.Civ.App.—Eastland 1960, writ ref'd n.r.e.). In *Lone Star*, the court held that "[w]here it appears that a continuation of a temporary injunction cannot imperil the rights of the adverse party, but its dissolution may seriously jeopardize the rights of the complaining party, the temporary injunction should be continued in force." *Id.* at 874. As our prior discussion reflects, the trial court was presented with ample evidence tending to show that the continuation of the temporary injunction would imperil the rights of the appellees. Therefore, appellant's contention is without merit. We overrule the second point of error.

Appellant's third point of error asserts that even if changed circumstances existed, the trial court abused its discretion by dissolving the temporary injunction rather than modifying it to order that Kokila Patel be consulted in future management decisions. Appellant cites no authority in support of this contention. However, based upon our review of the record before us,

and our discussion relating to appellant's first point of error, we find that the trial court did not abuse its discretion in dissolving the temporary injunction rather than modifying it to reflect that Kokila Patel be consulted in future management decisions. Appellant's third point of error is overruled.

Our disposition of the appeal on these grounds make it unnecessary to consider appellant's remaining points of error. The trial court's order dissolving the temporary injunction is affirmed. Accordingly, this court's temporary order continuing the injunction pending disposition of this appeal is hereby dissolved.