James M. MURPHY and Patricia A. Murphy, Appellants,

v.

Michael F. McDANIEL, Appellee.

No. 05–99–01882–CV.

Court of Appeals of Texas, Dallas.

June 21, 2000.

James M. Murphy, Dallas, for Appellant.

Patrick C. Frank, Fieldler, Akin, Frank & Carlton, P.C., Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and BRIDGES.

## OPINION

CAROLYN WRIGHT, Justice.

James M. Murphy and Patricia A. Murphy bring this interlocutory appeal from the trial court's order dissolving a temporary injunction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp. 2000) (authorizing interlocutory appeal from an order granting a motion to dissolve a temporary injunction). In five issues, appellants contend generally that the trial court abused its discretion by dissolving the temporary injunction because: (1) the trial court did not conduct an evidentiary hearing; (2) appellee failed to prove a change in circumstances; (3) the trial court refused to consider the evidence adduced at the hearing on the motion to grant the temporary injunction when considering appellee's motion for summary judgment; (4) the trial court erred by striking appellants' summary judgment proof; and (5) the dissolution was based on

an improper summary judgment. We reverse the trial court's order dissolving the temporary injunction and remand for further proceedings.

### Factual and Procedural Background

The underlying lawsuit involves a 1982 lease-purchase agreement between appellants and appellee. Under the terms of the agreement, appellants leased appellee's house for one year and were to purchase the home for $240,000 on or before expiration of the lease. The agreement provided that when appellants purchased the home, seventy-five percent of the rental payments would be applied to reduce the purchase price. Appellants, however, were unable to obtain financing, and at the end of the one-year lease, the parties executed an addendum to the contract. The addendum provided that the closing date for purchase was to be changed from on or before March 31, 1984 to on or before January 15, 1985. The addendum also provided that after March 31, 1984, the rental payments would no longer be applied to either the down payment or taken off of the purchase price. Again, appellants were unable to close on the house, and in January 1985, appellee agreed, by letter, to extend the agreement for another year. The letter provided that except for the closing date, "all other terms and conditions of the original lease-purchase agreement will remain the same." Thereafter, until 1998, appellee agreed each year to extend the closing date. In 1998, appellee refused to extend the closing date, notified appellants that the lease-purchase agreement had expired, and offered to sell the property to appellants for the original purchase price of $240,000.

Appellants acknowledged that the agreement had expired. However, they offered to purchase the home for $65,975.06. According to appellants, the 1984 addendum to the original agreement only applied for that year, and when appellee agreed to extend the agreement in 1985 and thereaf-

ter, the original terms of the lease-purchase agreement were in effect. Thus, according to appellants, seventy-five percent of the rental payments from 1985 through 1998 should be applied to reduce the purchase price of the home.

When appellee disagreed, appellants sued him for breach of contract, specific performance, declaratory judgment, statutory and common law fraud, and attorneys' fees. At the same time, appellants requested a temporary injunction allowing them to remain in the house while the suit progressed. Appellee counterclaimed, alleging, among other things, that appellants breached the contract and owed him for unpaid rentals. Appellee also brought suit for trespass to try title and an action to quiet title.

On September 1, 1998, after an evidentiary hearing, the trial court found that appellants made a prima facie showing of a probable right and probable injury if a temporary injunction was not issued during pendency of the suit. The trial court also found appellants would suffer immediate and irreparable harm. Therefore, the trial court granted appellants' application for a temporary injunction enjoining appellee from selling the property or any act attempting to dispossess appellants from the property. The parties did not appeal the order granting the temporary injunction.

Subsequently, appellee filed a motion for summary judgment arguing that he was entitled to judgment as a matter of law on all of appellants' claims. Although appellee did not file a separate motion to dissolve the temporary injunction, the motion for summary judgment contained a section arguing that "to the extent [the trial court] rules favorably on [appellee]'s motion for summary judgment, [appellee] is entitled to dissolution of the [temporary] injunction." Appellee did not seek summary judgment on his counter-

claims.[1] After considering the evidence in support of the summary judgment, but without an evidentiary hearing on the motion to dissolve the temporary injunction, the trial court ordered that "[appellants] take nothing as to their claims of [appellee]" and further ordered the temporary injunction dissolved. This interlocutory appeal from the portion of the trial court's order dissolving the temporary injunction followed.

## Discussion

■ When, as here, the interlocutory appeal is from an order granting a motion to dissolve, and the initial order granting temporary injunctive relief was not appealed, we do not consider the propriety of the trial court's decision granting the initial injunctive relief. *See Tober v. Turner of Tex., Inc.,* 668 S.W.2d 831, 834 (Tex.App.-Austin 1984, no writ). Rather, we presume the injunction was not improvidently granted and the record as a whole supports the trial court's action in granting the temporary injunction. *Id.* We will not, therefore, review the reporter's record from the hearing on the motion to grant to ascertain if the evidence supports such grant. *Id.* at 835. Our review of the trial court's order of dissolution is limited to the narrow question of whether the trial court's action in dissolving the injunction constituted a clear abuse of discretion. *Desai v. Reliance Mach. Works, Inc.,* 813 S.W.2d 640, 641 (Tex.App.-Houston [14th Dist.] 1991, no writ).

■ The purpose of a motion to dissolve a temporary injunction is to provide a means to show that changed circumstances, including changes in the law, compel the dissolution of the injunction. *See Tober,* 668 S.W.2d at 836. The purpose is not to give an unsuccessful party an opportunity to relitigate the propriety of the original grant. *Id.* When, as in this case, changed circumstances are the basis of a motion to dissolve, the moving party must show some substantial change has occurred since the proper issuance of the temporary injunction such that the order should be dissolved. *See Desai,* 813 S.W.2d at 642; *Tober,* 668 S.W.2d at 836.

■ Because of the narrow scope of review in this interlocutory appeal, we begin our analysis by determining which of appellants' issues are properly before us. The only legitimate purpose of a temporary injunction is to preserve the status quo pending trial, and the most expeditious relief from an unfavorable preliminary order dissolving an injunction is a prompt trial on the merits. *See Reeder v. Intercontinental Plastics Mfg. Co.,* 581 S.W.2d 497, 499 (Tex.Civ.App.-Dallas 1979, no writ) (appeal from order granting temporary injunction). An interlocutory appeal should not be used to obtain an advance ruling on the issues, and we may not give full consideration to the merits of the underlying lawsuit. *See State v. Ruiz Wholesale Co.,* 901 S.W.2d 772, 777 (Tex. App.-Austin 1995, no writ) (discussing limited scope of review following denial of a temporary injunction); *Reeder,* 581 S.W.2d at 499. Consideration of appellants' issues three, four, and five would require us to determine the propriety of the summary judgment evidence and whether the trial court properly granted appellee's motion for summary judgment. We decline to do so without allowing the trial court an opportunity to render a final judgment. Because our jurisdiction to review interlocutory rulings is extremely narrow in scope, we must strictly limit our review of any interlocutory ruling over which we are granted jurisdiction. *See America Online, Inc. v. Williams,* 958 S.W.2d 268, 271 (Tex.

1. Thus, we agree with the parties that the summary judgment is interlocutory and not a final adjudication of the merits of this lawsuit. When a summary judgment does not dispose of all parties and issues and does not purport to be final or contain controlling "Mother Hubbard" language, it is an interlocutory summary judgment that cannot be appealed except in limited circumstances set out by statute. *See Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993).

**878**

App.-Houston [14th Dist.] 1997, no writ) (The legislature determines, by statute, whether a particular type of pretrial ruling may be appealable before a final judgment is rendered. We strictly construe those statutes authorizing interlocutory appeals.). Thus, we conclude appellants' third, fourth, and fifth issues are not a proper basis upon which appellants may contend that the trial court abused its discretion by granting appellee's motion to dissolve. We dismiss appellants' third, fourth, and fifth issues.

In appellants' first and second issues, appellants contend the trial court abused its discretion by granting appellee's motion to dissolve because the trial court did not conduct an evidentiary hearing and appellee failed to prove a change in circumstances.[2] In essence, appellants argue that the trial court's interlocutory summary judgment alone is not a proper basis to support the trial court's discretion in dissolving the temporary injunction. The parties agree, and the record supports, that the trial court granted appellee's motion to dissolve the temporary injunction solely on the basis of its ruling on appellee's motion for summary judgment. We must decide, therefore, whether the trial court's interlocutory summary judgment is a change in circumstances that would support the dissolution of the temporary injunction.

The trial court unquestionably has the authority to dissolve a temporary

injunction upon a showing of changed circumstances. *Tober*, 668 S.W.2d at 834. In our view, a "change in circumstances" refers to a change in conditions occurring since the granting of the temporary injunction. Changed circumstances may include an agreement of the parties, newly revealed facts, or a change in the law that make the temporary injunction unnecessary or improper. *Cf. Desai*, 813 S.W.2d at 641–42 (dissolution of temporary injunction where appellees showed they had been effectively excluded from participation in operation and management of company); *see also City of Tyler v. St. Louis S.W. Ry. Co.*, 405 S.W.2d 330, 333 (Tex.1966) (only trial court has jurisdiction to modify or vacate permanent injunction based on "changed conditions" because trial court can subpoena witnesses, take evidence, and make findings of fact). Here, the "change in circumstances" alleged in appellee's motion was not newly revealed facts or a change in the law; rather, the "change" was merely an interlocutory judicial determination of the merits of appellants' claims against appellee. The trial court's summary judgment did not reach appellee's claims against appellants and the trial court did not order any severance of the parties' claims. We conclude the trial court's interlocutory ruling on the merits of appellants' claims is not, in and of itself, a "change in circumstances" authorizing dissolution of the trial court's otherwise properly granted temporary injunction.[3] Given this conclusion, we still

2. In their brief, appellants argue issues one and two together. We will address them likewise.

3. In this appeal, the only evidence the trial court could have considered in making its determination to dissolve the temporary injunction was the evidence offered in support of appellee's motion for summary judgment. As we have previously concluded, our limited review of the dissolution of the temporary injunction does not allow us to consider the propriety of the evidence offered in support of the motion for summary judgment. We note, however, that a litigant could conceivably rely on the same evidence presented in a separate evidentiary hearing to support a motion to

dissolve. In that situation, the trial court could, if necessary, make factual determinations, and would not be bound by the procedural restrictions of a summary judgment proceeding. *Cf. Liberty Mut. Fire Ins. v. Hayden*, 805 S.W.2d 932, 935 (Tex.App.-Beaumont 1991, no writ) (trial court should conduct separate hearings when faced with "overlapping and intermingling" motions concerning summary judgment and other matters that allow oral testimony). That, however, is not the case here. In this case, the trial court did not conduct a separate hearing on the motion to dissolve.

must determine whether the trial court, after it properly granted the temporary injunction, could have dissolved it absent any changed circumstances. We conclude it could not.

We recognize that in *Tober*, the Austin court of appeals, relying on *City of Hudson v. Ivie*, 592 S.W.2d 658 (Tex.Civ.App.-Beaumont 1979, no writ), stated that a trial court has the authority to reverse its prior temporary injunction order absent a showing of changed circumstances. *Tober*, 668 S.W.2d at 835. The procedural posture of this case, however, is different from *Ivie*. In *Ivie*, the trial court granted a temporary injunction after an evidentiary hearing. Five days later, after a non-evidentiary hearing, the trial court granted the defendant's motion to dissolve the injunction. On the same day, the trial court dismissed the entire proceeding. The court of appeals determined that the trial court abused its discretion in dismissing the case after holding only a preliminary hearing. However, it affirmed the trial court's order dissolving the injunction because it "read the statement of facts containing the evidence offered at the [temporary injunction] hearing and [could] not conclude that the trial court abused its discretion in dissolving the temporary injunction which had been improvidently granted a few days earlier." *Ivie*, 592 S.W.2d at 659–60.

In *Ivie*, unlike in this case where the time to review the order granting the temporary injunction has expired, the court of appeals had jurisdiction to review the propriety of the trial court's decision to grant the temporary injunction. The court of appeals' determination that the trial court had the authority to dissolve its previously granted temporary injunction was, in reality, a determination that the temporary injunction had been improperly granted. Such is not the case here. We do not have jurisdiction to consider the propriety of the trial court's decision to grant the tempo-

rary injunction. Rather, we must presume the trial court's initial decision to grant the temporary injunction was proper. *See Tober*, 668 S.W.2d at 834. Because we must recognize the trial court properly granted the temporary injunction, we conclude that, absent changed circumstances, the temporary injunction should remain in effect until a final disposition of the parties' claims.

■■■ Our conclusion is directly supported by the very nature of this appeal. The sole basis for granting appellee's motion to dissolve the temporary injunction was the trial court's interlocutory ruling on the merits of appellants' claims. Yet, we are precluded from reviewing the summary judgment at this time. If we were to conclude that the trial court's interlocutory summary judgment is, in and of itself, an appropriate basis for the trial court's dissolution of its otherwise properly granted temporary injunction, appellants could obtain a meaningful, interlocutory review of the dissolution order only through our review of the merits of the interlocutory summary judgment, which we clearly cannot do. We are of the opinion that, absent changed circumstances, a determination of the parties' claims should serve as the basis for dissolution of a temporary injunction only upon final adjudication. At that time, the temporary injunction becomes moot. *See Isuani v. Manske–Sheffield Radiology Group, P.A.*, 802 S.W.2d 235, 236 (Tex.1991); *Save Our Springs Alliance, Inc. v. Austin Indep. Sch. Dist.*, 973 S.W.2d 378, 384 (Tex.App.-Austin 1998, no writ).

Because the trial court's sole basis for granting appellee's motion to dissolve was its interlocutory judgment, we conclude the trial court abused its discretion by granting appellee's motion to dissolve. The trial court's decision to dissolve was not based on a conclusion that the temporary injunction was improvidently granted or on the guiding principle of a change in circumstances.[4] We sustain appellants' first and second issues.

---

4. We also note that the trial court's decision

was not based on principles of fundamental

We reverse that portion of the trial court's judgment dissolving the temporary injunction and remand for further proceedings consistent with this opinion.

error or on any statutory authorization.