NUMBER 13-00-610-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

LEE-HICKMAN’S INVESTMENTS,                   Appellant,

v.

ALPHA INVESCO CORPORATION,                                            Appellees.
                                                                                                                      

On appeal from the 234thDistrict Court 
of Harris County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Yañez, Castillo and Amidei



Per Curiam
          Lee Hickman Investments, appellant, appeals from a take nothing summary
judgment granted during the pendency of appellant’s interlocutory appeal of the dissolution
of a temporary injunction restraining Alpha Invesco Corporation, appellee, from marketing,
selling, or conveying property pursuant to a trustee’s deed and from filing the deed for
record. Appellant claims that the interlocutory appeal effected an automatic stay under
former section 51.014(b) of the Texas Civil Practice and Remedies Code and the summary
judgment should be set aside because it was granted while the automatic stay was still in
effect, and the temporary injunction reinstated. See Act of June 20, 1997, 75th Leg., R.S.,
ch. 1296, 1997 Tex. Gen. Laws 5 (amended 2001) (current version at Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(b) (Vernon Supp. 2003).



          Appellant's suit alleged breach of duty, fraudulent inducement, misrepresentation,
fraud, DTPA violations, wrongful foreclosure, and requested injunctive relief. After a
hearing, the trial court granted appellant a temporary injunction on May 31, 2000. The case
was set for trial on July 3, 2000, but was continued until July 20, 2000, and then continued
again until August 28, 2000. Over appellant's written objection on August 7, 2000, the trial
court granted appellee's oral motion to dissolve the temporary injunction. On August 10,
2000, appellant filed a notice of interlocutory appeal to the Fourteenth Court of Appeals.
Notwithstanding such appeal on August 30, 2000, the trial court granted appellee's motion
for summary judgment, ordering that appellant take nothing, and voiding the appellant's
lis pendens notice. On October 26, 2000, the Fourteenth Court of Appeals dismissed
appellant's interlocutory appeal as moot because of the summary judgment. See Lee-Hickman’s Inv. v. Alpha Invesco Corp., No. 14-00-00997-CV, 2000 Tex. App. LEXIS 7202
(Tex. App.–Houston [14th Dist.] 2000, no pet.) (not designated for publication). We
reverse and render the trial court‘s order dissolving the temporary injunction and lis
pendens notice and reverse and remand its judgment granting the summary judgment.
Standard of Review 
          The primary rule of statutory interpretation is that a court must look to the intent of
the legislature and must construe the statute so as to give effect to that intent. City of
Austin v. L.S. Ranch, LTD., 970 S.W.2d 750,7 52 (Tex. App.–Austin 1998, no writ. When
determining legislative intent, courts look to the language of the statute, legislative history,
the nature and object to be obtained, and the consequences that follow alternate
constructions. Id. If possible, however, we are to discern legislative intent from the plain
meaning of the words of the statute.Id. 
          The appellant’s prior appeal to the Fourteenth Court of Appeals was a proper
interlocutory appeal under former section 51.014(b), as is the present appeal. There is no
restriction in the statute to prevent appellant from asserting the stay provisions of section
51.014 in this appeal, notwithstanding the prior dismissal by the Fourteenth Court of
Appeals. See Act of June 20, 1997, 75th Leg., R.S., ch. 1296, 1997 Tex. Gen. Laws 5
(amended 1991) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) (Vernon
Supp. 2003).
          When, as here, the interlocutory appeal is from an order granting a motion to
dissolve, and the initial order granting temporary injunctive relief was not appealed, we do
not consider the propriety of the trial court's decision granting the initial injunctive relief.
Murphy v. McDaniel, 20 S.W.3d 873, 877 (Tex. App.–Dallas 2000, no pet.). Rather, we
presume the injunction was not improvidently granted and the record as a whole supports
the trial court's action in granting the temporary injunction. Id. We will not, therefore,
review the reporter's record from the hearing on the motion to grant to ascertain if the
evidence supports such grant. Id. Our review of the trial court's order of dissolution is
limited to the narrow question of whether the trial court's action in dissolving the injunction
constituted a clear abuse of discretion. Id. Our limited review of the dissolution of the
temporary injunction does not allow us to consider the propriety of the evidence offered in
support of the motion for summary judgment. Id. We conclude the trial court's ruling on the
merits of appellant's claims is not, in and of itself, a "change in circumstances" authorizing
dissolution of the trial court's otherwise properly granted temporary injunction.
          An incorrect application of the law by the trial court is an abuse of discretion. St.
Louis S.W Ry. Co. v. Voluntary Purchasing Groups, 929 S.W.2d 25, 33 (Tex.
App.–Texarkana 1996, no writ)(when the additional order was on the same topic as the
one appealed from and granted substantially the same relief as well as additional relief, the
trial court acted in a manner specifically forbidden undfffer rule 29.5 of the appellate rules).
Issues Presented
          Appellant's first issue claims that its appeal of the trial court's interlocutory order had
the effect of staying the commencement of trial pending the resolution of the appeal, and
the trial court violated the stay by granting the summary judgment, which was the same as
commencing trial.


 Appellee argues that a summary judgment motion proceeding is not
the commencement of trial.
          Appellant cites Goswami v. Metro. Sav. & Loan, 751 S.W.2d 487 (Tex. 1988), for
the proposition that a summary judgment proceeding is a trial of a case. While Goswami 
held that a summary judgment proceeding is a trial within the meaning of rule 63 of the
Texas Rules of Civil Procedure, which governs the amendment of pleadings within seven
days of trial, we conclude the same reasoning applies in this case to hold a summary
judgment proceedings is a trial within the meaning of section 51.014(b). See id. at 490. 
The cases cited by appellee are not on point. See, e.g., City of Austin, 970 S.W.2d at 754
(the interlocutory appeal was held moot because of amended pleading in the trial court, not
because summary judgment proceedings were or were not the commencement of trial). 
Amerivest Inc. v. Bluebonnet Sav. Bank, Inc., 897 S.W.2d 513, 515 (Tex. App.–Fort Worth
1995, writ denied), and Rogers v. Ricane Enters., Inc., 852 S.W.2d 751, 760 (Tex.
App.–Amarillo 1993),rev’d, 884 S.W.2d 763 (Tex. 1994), involve partial or interlocutory
summary judgments and do not reach the issue in question in this case. Med.Ctr. Bank v.
M.D. Fleetwood, 854 S.W.2d 278, 283-84 (Tex. App.–Austin 1993, writ denied) stands for
the proposition that the standard of review in an appeal of a regular judgment is different
than when a summary judgment is appealed, not that a summary judgment was or was not
the commencement of a trial.
          Appellee further argues that even if summary judgment proceedings are considered
the commencement of trial, appellant waived any trial court error by not attempting to
mandamus the trial court from entering the summary judgment. Appellee cites an
unpublished opinion to support its argument and cites no other authority. See Tex. R. App.
P. 47.7. However, mandamus relief is not available where there is an adequate remedy by
appeal. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).
          While rule 29.5[3]


 of the Texas Rules of Appellate Procedure gives the trial court
authority to proceed with a trial on the merits while an appeal from an interlocutory order
is pending, it prohibits the trial court from making an order that interferes with or impairs
the jurisdiction of the appellate court or the effectiveness of any relief sought or that may
be granted on appeal. See Tex. R. App. P. 29.5. The effectiveness of the relief sought by
the appellant in the interlocutory appeal, or that may have been granted appellant in that
appeal, was interfered with and impaired by the granting of the summary judgment by the
trial court. The jurisdiction of the 14th Court of Appeals was interfered with and impaired
because it dismissed the interlocutory appeal by concluding that the summary judgment
was a final judgment which made the appeal moot, and did not rule on the merits of
appellant’s cause of action. Although the trial court dissolved the temporary injunction it
originally ordered, appellant had the right to appeal, and was not required to obtain a ruling
of the appellate court prior to the trial court ruling on the summary judgment motion. 
          A notice of automatic stay was filed by appellant on August 10, 2000. In its response
to appellee's motion for summary judgment, appellant again called to the attention of the
trial court the pending interlocutory appeal and objected to to the court considering
appellee's motion for summary judgment because of the automatic stay provided in section 
51.014(b). Nevertheless, the trial court heard and granted appellee's motion for summary
judgment on August 30, 2000, therein denying all relief to appellant. It was an abuse of
discretion of the trial court to deny the stay and rule on appellee's motion for summary
judgment. Tarrant Reg’l Water Dist. v. Gragg, 962 S.W.2d 717, 719 (Tex. App–Waco
1998, no writ); Tex. R. App. P. 29.5. This abuse of discretion was an error of law which
probably prevented the appellant from properly presenting its case to the court of appeals.
Tex. R. App. p. 44.1(a)(2).
          Appellant's issue number one is sustained.
          We must now decide whether the trial court's action in dissolving the temporary
injunction constituted a clear abuse of discretion. The purpose of a motion to dissolve a
temporary injunction is to provide a means to show that changed circumstances, including
changes in the law, compel the dissolution of the injunction. Murphy, 20 S.W.3d at 877.
The purpose is not to give the unsuccessful party an opportunity to relitigate the propriety
of the original grant. Id. The motion for summary judgment does not address any changed
circumstances which warrant the dissolution of the temporary injunction and, there being
no written motion to dissolve or evidence to support same, we presume the temporary
injunction was not improvidently granted and the record as a whole supports the trial
court's action in granting the temporary injunction. See id. Therefore, the dissolution of the
temporary injunction by the trial court was an abuse of discretion. See id. Accordingly, we
reverse the trial court's order dissolving the temporary injunction and reinstate the
temporary injunction.
          Because of our disposition of appellant's first issue, we do not consider appellant's
issues two, three, or five, in which the summary judgment is attacked. There is no need for
the Court to discuss issues which are not dispositive of the appeal. Tex. R. App. p. 47.1;
Little v. Bryce, 733 S.W.2d 937, 939 (Tex. App.–Houston [1st Dist]1987, no writ).
          Appellant's fourth issue complains that the trial court's summary judgment was too
broad in that it cancelled appellant's lis pendens notice. Since we set aside the summary
judgment, the order complained of in this issue is voided, and the lis pendens notice is
reinstated and remains effective as if the summary judgment had never been granted.
          Appellant's issue number four is sustained.
          The trial court’s judgment dissolving the temporary injunction and voiding the lis
pendens notice is reversed and rendered. The trial court’s judgment granting a summary
judgment is reversed and remanded.
 PER CURIAM 
 
 
 
Opinion delivered and filed
this 4th day of March, 2004.