IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00134-CV

 

Phillip Roberts,

                                                                      Appellant

 v.

 

Randall Roberts and 

Roberts Publishing Company, Inc.,

                                                                      Appellees

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court No. 2004-559-3

 



MEMORANDUM  Opinion



 








          Phillip Roberts brings this
interlocutory appeal from an order dissolving a temporary injunction in his
favor and replacing it with a temporary injunction in favor of Randall Roberts
and Roberts Publishing Company (“RPC”).  Phillip contends in two issues that:
(1) the court abused its discretion by dissolving the first temporary
injunction and replacing it with another; and (2) the court properly granted
the first temporary injunction.  We will affirm.

          This appeal and the underlying
lawsuits arise from a dispute between Phillip and Randall, who are brothers,
concerning ownership and control of RPC, a family-owned business, and the
alleged wrongful conversion of assets belong to RPC.  Phillip, then president
of RPC, hired counsel to file suit in Midland County in the name of RPC against
Randall for wrongful conversion of corporate assets.  Randall, then
vice-president and secretary of RPC, joined Phillip as a third-party defendant,
making similar allegations against Phillip.

          During the pendency of the suit,
Phillip was convicted of a felony and sentenced to prison.[1] 
Randall called a special meeting of RPC shareholders to be held on January 23,
2004, about one week before a scheduled pretrial hearing.  At this meeting, the
shareholders elected Randall as president and his alleged paramour as
secretary/treasurer.  At a directors meeting later that day, the directors
approved a resolution to dismiss the corporation’s lawsuit against Randall.

          Phillip (through counsel) challenged
the legitimacy of the specially-called shareholder’s meeting on several grounds
at the pretrial hearing.  It was brought to the attention of the Midland court that a regularly-scheduled shareholders meeting was to be held later in
February.  That court continued the trial setting so that the shareholders
could resolve the issues of: (1) whether counsel hired by Phillip retained
authority to represent RPC in the suit; (2) whether the specially-called
meeting of January 23 was valid; and (3) how corporate shares were allocated
between Phillip and Randall.

          Shortly before the February shareholders
meeting however, Phillip obtained an ex parte temporary restraining order from
a McLennan County court prohibiting Randall or RPC from holding the
shareholders meeting, from transferring corporate assets other than in the
ordinary course of business, from dismissing the Midland County lawsuit, and
from allowing Randall to act as president or appointing someone else as
president.  The Waco court subsequently converted the TRO to a temporary injunction
following a hearing.  Randall and RPC perfected an interlocutory appeal from that
injunction.

          Several months after the entry of the
temporary injunction, Phillip mailed a letter to “all publishers” doing
business with RPC.  Purporting to act as president of RPC, Phillip advised the
publishers that he was “suspending the payment of all management fees effective
immediately” due to “the sluggish economy.”  In response, the publishers
advised RPC that they were no longer paying the management fees.

          Randall and RPC filed a motion to
dissolve the temporary injunction with the Waco court arguing that the
cessation of payment of management fees would “destroy[ ] the company” and
cause irreparable harm.  Randall and RPC asked the court to enter an injunction
against Phillip prohibiting him from acting as president of RPC or from
otherwise interfering with the operations of RPC.

          After a hearing, the court[2]
granted the motion of Randall and RPC to dissolve the temporary injunction and
enter a different temporary injunction.

          Phillip contends in his first issue
that the court abused its discretion by dissolving the previous temporary
injunction and replacing it with another because the court “did not allow the
parties to present testimony at the hearing.”[3]

          The hearing consisted primarily of
statements by opposing counsel regarding their respective views of the
pertinent facts and the legal effect of those facts.  Counsel for Randall and RPC
offered two documents in evidence.  The court took “judicial notice of everything
in the file” then asked whether the witnesses’ testimony would differ in any
significant respect from the attorneys’ summaries.[4] 
Counsel for Randall and RPC responded that he had “proferred pretty well what
we think the proof is going to be.”  The court then asked Phillip’s counsel,
“[A]re there any witnesses you want to call for this?”  Counsel stated that
some of the publishers were available to testify but he didn’t “think they
w[ould] disagree with [his summary of the pertinent facts].”

          Statements of counsel do not generally
constitute evidence unless made under oath.  Banda v. Garcia, 955 S.W.2d
270, 272 (Tex. 1997); Russ v. Titus Hosp. Dist., 128 S.W.3d 332, 338 (Tex. App.—Texarkana 2004, pet. denied).  However, the oath requirement can be waived if the
opposing party fails to object when he knows or should know that an objection
is necessary.  Id.

          Phillip’s counsel should have known
that an objection was necessary when Judge Strother asked whether the available
witnesses would provide testimony any different than what had been stated by
counsel and advised counsel that he did not think an evidentiary hearing was
necessary.  Phillip did respond that Judge Strother should not dissolve the
prior injunction “without the benefit of all that evidence” which Judge
Mayfield heard when he granted the initial injunction.  Phillip never called or
attempted to call a single witness and was not prevented from doing so despite
his appellate protestations to the contrary.  He did not pursue an objection to
the lack of a formal evidentiary hearing in a motion for new trial or other
post-order motion.

At best, the statements of Phillip’s counsel
would constitute an objection to dissolving the prior injunction without the
introduction of evidence.  To the extent that Phillip’s complaint relates to
the court’s decision to grant a temporary injunction in favor of Randall and RPC
without hearing live testimony, he has failed to preserve that complaint for
appellate review.  See Tex. R.
App. P. 33.1(a)(1); Banda, 955 S.W.2d at 272; Russ, 128
S.W.3d at 338. 

          To the extent that Phillip’s complaint
relates to the court’s decision to dissolve the prior temporary injunction, we
will conclude hereinafter that the court had sufficient evidence before it to
dissolve the injunction.

          We review an order dissolving an
injunction for an abuse of discretion.  See Lee-Hickman’s Invs. v. Alpha
Invesco Corp., 139 S.W.3d 698, 702 (Tex. App.—Corpus Christi 2004, no pet.)
(per curiam); Chase Manhattan Bank v. Bowles, 52 S.W.3d 871, 879 (Tex.
App.—Waco 2001, no pet.).  An injunction may be dissolved upon a showing of
changed circumstances which have altered the status quo since the granting of
the injunction.[5]  See
Chase Manhattan Bank, 52 S.W.3d at 878-79; Murphy v. McDaniel, 20
S.W.3d 873, 878 (Tex. App.—Dallas 2000, no pet.).

          Here, Randall and RPC offered in evidence
the letter that Phillip, after the entry of the temporary injunction, mailed to
the publishers purporting to suspend the requirement that they pay management
fees to RPC.  They also offered in evidence a letter from the publishers’
attorney advising RPC that the publishers intended to suspend payment of the
management fees accordingly.

          Because Randall and RPC presented
evidence of changed circumstances which would alter the status quo, we cannot
say that the court abused its discretion by dissolving the temporary
injunction.  Id.  Accordingly, we overrule Phillip’s first issue and do
not reach his second issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring and dissenting)

Affirmed

Opinion delivered and
filed February 8, 2006

[CV06]









[1]
          See Roberts v. State, 141
S.W.3d 685 (Tex. App.—Waco 2004, pet. ref’d) (per curiam).





[2]
          The initial injunction was
granted by the Honorable Alan Mayfield, the elected judge of the 74th District Court of McLennan County.  Judge Mayfield was unavailable for the hearing on the
motion to dissolve this injunction, so it was heard by the Honorable Ralph
Strother, the elected judge of the 19th District Court of McLennan County.  See Tex. Gov't Code Ann. §
74.094(a) (Vernon 2005).

 





[3]
          Phillip’s first issue presents 2
sub-issues: (1) whether the court conducted an “inadequate hearing”; and (2)
whether Randall and RPC presented evidence of changed circumstances sufficient
to justify the dissolution of the temporary injunction.  Phillip does not
challenge the sufficiency of the evidence to support the court’s decision to
grant Randall’s and RPC’s request for a temporary injunction.





[4]
          A trial court cannot take
judicial notice of testimony from a prior hearing unless a transcription of the
testimony is offered in evidence.  See Paradigm Oil, Inc. v. Retamco
Operating, Inc., 161 S.W.3d 531, 539-40 (Tex. App.—San Antonio 2004, pet.
denied); Escamilla v. Est. of Escamilla, 921 S.W.2d 723, 726 (Tex.
App.—Corpus Christi 1996, writ denied).  Nevertheless, we presume that this
requirement may be waived if no objection is made to a proponent’s failure to
offer the transcription in evidence.  See Tex. R. App. P. 33.1(a)(1).





[5]
          A trial court also retains the
inherent authority to dissolve an injunction absent a showing of changed
circumstances.  See GXG, Inc. v. Texacal Oil & Gas, Inc., 882 S.W.2d
850, 852 (Tex. App.—Corpus Christi 1994, no writ); Tober v. Turner of Tex., Inc., 668 S.W.2d 831, 835 (Tex. App.—Austin 1984, no writ).  However, a court
will not generally be found to have abused its discretion by refusing to
dissolve an injunction absent a showing of changed circumstances.  See Henke
v. Peoples State Bank of Hallettsville, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi 1999, pet. dism’d w.o.j.); Tober, 668 S.W.2d at 835.