COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | | |
|---|---|---|---|
| BRYAN L. WALTER, | § | | No. 08-09-00201-CV |
| Appellant, | § | | |
| | | | Appeal from the |
| v. | § | | 416th District Court |
| BARBARA J. GRAHAM A/K/A | § | | |
| BARBARA J. WALTER, | | | of Collin County, Texas |
| | § | | |
| Appellee. | | | (TC# 416-53920-01) |
| | § | | |

## MEMORANDUM OPINION

Bryan Walter appeals the trial court's refusal to dissolve mutual permanent injunctions originally contained in the parties' decree of divorce. In three issues, appellant claims that: (1) deemed admissions conclusively established that he had a right to have the injunction dissolved; (2) that the admissions were controlling; and (3) that the court's conclusions of law were inconsistent with the controlling facts. We affirm.

## FACTS

Bryan Walter and Barbara Graham[1] were divorced in 2002. Included in the decree of divorce were mutual injunctions which precluded the parties from causing or threatening physical or bodily injury to each other, from communicating in person by telephone or in writing, from coming within 500 feet of the other's residence or place of employment, or from having any further contact with each other. In October 2005, Appellant Bryan Walter filed a petition to modify order, requesting that:

---

[1] Bryan Walter is an attorney who has represented himself throughout the divorce proceedings. Although Barbara Graham was represented by counsel during much of the divorce, she has been pro se in the proceedings on the petition to modify and this appeal.

[T]he permanent injunction issued in the Final Decree of Divorce, Cause No. 366-53920-01 be dissolved and vacated. Petitioner would show that such injunction is not in the best interest of the parties, is not necessary due to changed circumstances, and that it fails to comply with the requirements of Tex.R.Civ.P.683.

[Walter] would show that he has not had any interaction with Respondent for over three years (outside of court), other than incidents incited by Respondent and those acting in concert with her, and that Petitioner has no desire to ever have any interaction with Respondent at all. However, the injunction restrains the liberty of Petitioner in his own neighborhood, and is not necessary. Therefore, the permanent injunction against Petitioner should be removed.

Walter served Graham with requests for admission, to which she did not respond. The admissions were as follows:

[T]hat, the Petition to Modify Order filed by Bryan L. Walter on October 20, 2005 should be granted, and that the permanent injunction issued in the Final Decree of Divorce, Cause No. 366-53920-01 against Petitioner should be dissolved and vacated.

[T]hat, the permanent injunction against Petitioner issued in the Final Decree of Divorce, Cause No. 366-53920-01 is not necessary due to changed circumstances.

[T]hat, you have not had any contact with the Petitioner, Bryan L. Walter, outside of court in over three (3) years.

The petition to modify was on file for over three years, until a hearing was held on June 8, 2009. In support of his request that the injunction be dissolved and vacated, Walter relied upon the deemed admissions and his own testimony. He asserted that there were changed circumstances in that he had not had any interaction with Graham for three years. Graham testified she wished the injunction against Walter to remain in place because she had concerns about her well-being, and she had no objection to the injunction against her remaining in place as well.

In denying Walter's petition, the trial court found that Walter's argument for dissolving the injunction simply relied upon the result contemplated by the judge when the injunction was entered, that is, the lack of interaction between the parties. The trial court concluded this did not constitute

a substantial change, that no evidence submitted by Walter showed a substantial change had occurred since entry of the injunction, and that the evidence did not support modifying the final decree to remove the permanent injunction. Walter has appealed.

## STANDARD OF REVIEW

We review the trial court's refusal to vacate an injunction under an abuse of discretion standard. *Cellular Marketing, Inc. v. Houston Cellular Telephone Co.,* 784 S.W.2d 734, 735 (Tex. App. – Houston [14th Dist.] 1990, no writ).

### No error in denying modification

In the three issues set out above, Appellant Walter urges that the trial court erred in denying his petition to dissolve and vacate the permanent injunction that was part of his divorce decree. We disagree.

A moving party may show that changed circumstances compel the dissolution of the injunction. *Murphy v. McDaniel,* 20 S.W.3d 873, 877 (Tex. App. – Dallas 2000, no pet.). The moving party must show some substantial change has occurred since the issuance of the injunction such that the order should be dissolved. *Id.* Here, although Walter had a deemed admission from Graham that the permanent injunction was "not necessary" due to changed circumstances, the trial court did not abuse its discretion in making its own legal determination Walter had not met his burden of showing changed circumstances. In addition to the testimony of the parties, the trial court was entitled to consider the record of this divorce, which was both prolonged and acrimonious. The judge was also entitled to consider that the main thrust of Walter's argument was that he had not had contact with Graham since the injunction was entered and did not plan to contact her. From this the judge properly concluded that Walter had simply shown the intended result of the injunction itself, not a change in circumstances. We can see no abuse of discretion in that decision, and the existence

of deemed admissions here do not alter our determination. Appellant's three issues on appeal are therefore overruled.

## CONCLUSION

The trial court's order denying Appellant's petition to modify is affirmed.


SUSAN LARSEN, Justice (former)

August 31, 2010

Before Chew, C.J., McClure, J., and Larsen, J.
Larsen, J. (sitting by assignment)