In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00348-CV
_____

IN THE ESTATE OF JOHN VERNON COBB

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. 25177**

**MEMORANDUM OPINION**

Joyce Cobb ("Joyce"), the widow of John Vernon Cobb ("Cobb"), sued (1) the Estate of John Vernon Cobb; (2) the John Vernon Cobb Family Trust; (3) the J. Cobb Family Limited Partnership ("the Partnership"); and (4) John Walter Cobb ("John") and Elizabeth K. Cobb ("Elizabeth"), individually and as independent co-executors of the estate, trustees of the trust, and partners of the Partnership ("appellants"), alleging numerous causes of action. In June 2012, Joyce filed a motion for temporary injunction. When Joyce died, Ronald Alsbrooks, the temporary administrator of Joyce's estate, substituted as the plaintiff. The trial court granted the temporary injunction and denied appellants' motion to vacate the

1

injunction. In this interlocutory appeal, appellants present three issues challenging the temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West Supp. 2013). We affirm the trial court's judgment.

## Jurisdiction

In issue one, appellants contend that this Court has jurisdiction to consider both the issuance of the temporary injunction and the denial of their motion to vacate the injunction. The trial court signed the injunction on June 14, 2013, appellants filed their motion to vacate on June 17, and the trial court denied the motion on July 19. Appellants filed their notice of appeal on August 2. Appellants concede that they filed their notice of appeal after the time for appealing the issuance of the injunction had passed, but they maintain that the trial did not give them an opportunity to fully litigate the merits of the injunction, the trial court told appellants they could present evidence at a later date, and the injunction was not effective until a bond was filed on July 19. Thus, appellants argue that this Court should consider whether the evidence justified issuance of the injunction.

In an accelerated appeal, a party's notice of appeal must be filed within twenty days after the judgment or order is signed. Tex. R. App. P. 26.1(b). The Texas Supreme Court has held that, absent a motion for extension of time, the deadline for filing a notice of appeal in an accelerated case is strictly set at twenty

2

days after the judgment is signed, with no exceptions. *In the Interest of K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). The record does not indicate that appellants filed a motion for extension of time or that appellants' notice of appeal can be treated as an implied motion for an extension. *See* Tex. R. App. P. 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997). Because appellants did not file a notice of appeal within twenty days of the date the trial court signed the temporary injunction order, our jurisdiction is limited to determining whether the trial court abused its discretion by denying the motion to dissolve the temporary injunction. *See K.A.F.*, 160 S.W.3d at 927; *see also Aurora Loan Servs. v. Aurora Loan Servs., LLC*, No. 05-11-01362-CV, 2013 Tex. App. LEXIS 982, at **4-5 (Tex. App.—Dallas Jan. 31, 2013, no pet.) (mem. op.). We overrule issue one because we lack jurisdiction to consider it.

Motion to Vacate

In issue two, appellants challenge the trial court's denial of their motion to vacate the temporary injunction. In an interlocutory appeal from an order denying a motion to dissolve, we presume the injunction was not improvidently granted and that the record supports the trial court's ruling. *Lance v. Robinson*, No. 04-12-00754-CV, 2013 Tex. App. LEXIS 2163, at *6 (Tex. App.—San Antonio Mar. 6, 2013, no pet.) (mem. op.). Our review is limited to whether the trial court's denial

of the motion constituted a clear abuse of discretion. *Id*. at *7. A motion to dissolve is not intended to give an unsuccessful party an opportunity to relitigate the propriety of the original grant, but is intended to show changed circumstances, changes in the law, or fundamental error that requires modification or dissolution of the injunction. *Id*. Changed circumstances are conditions that altered the status quo after the temporary injunction was granted or made the injunction unnecessary or improper, such as "an agreement of the parties, newly revealed facts, or a change in the law[.]" *Murphy v. McDaniel*, 20 S.W.3d 873, 878 (Tex. App.—Dallas 2000, no pet.); *see also Henke v. Peoples State Bank of Halletsville*, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi 1999, pet. dism'd w.o.j.). Fundamental error exists when the record affirmatively and conclusively shows that the trial court lacked jurisdiction of the subject matter. *Lance*, 2013 Tex. App. LEXIS 2163, at *7. Absent fundamental error or a change in conditions, a trial court generally has no duty to dissolve an injunction. *Id*.

In this case, appellants sought dissolution of the temporary injunction on grounds that the trial court never heard evidence regarding the motion for temporary injunction and appellants were not afforded an opportunity to present evidence or complete cross-examination of witnesses. At the hearing on appellants' motion, the trial court heard testimony regarding the injunction's effects, such as

that the injunction prevented appellants and the Partnership from accessing certain accounts; meeting financial obligations or needs; signing an oil and gas lease on property owned by the Partnership; harvesting, prepping, and re-planting the Partnership's property; and repairing the Cobb residence. Neither in their motion nor at the hearing did appellants assert that the evidence demonstrated a change in circumstances, a change in the law, or fundamental error that affected the status quo. Absent such allegations, the trial court had no duty to dissolve the injunction. *See Lance,* 2013 Tex. App. LEXIS 2163, at *7; *see also Henke*, 6 S.W.3d at 721. Accordingly, we cannot say that the trial court abused its discretion by denying appellants' motion to vacate. *See Lance*, 2013 Tex. App. LEXIS 2163, at *7; *see also Kassim v. Carlisle Interests, Inc.*, 308 S.W.3d 537, 540 (Tex. App.—Dallas 2010, no pet.); *Murphy*, 20 S.W.3d at 878. We overrule issue two.

Injunction Provisions

In issue three, appellants contend that the trial court abused its discretion by prohibiting them from accessing certain funds, which they argue eliminates their ability to pay their attorneys and accountants and significantly impairs their ability to defend against the lawsuit. However, because appellants did not timely appeal from the granting of the injunction, we lack jurisdiction to address whether the trial court abused its discretion by including such provisions in the injunction. *See*

5

*K.A.F.*, 160 S.W.3d at 927; *see also Bishop v. Clawson*, No. 14-11-00219-CV, 2012 Tex. App. LEXIS 64, at **7-8 n.2 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, no pet.) (mem. op.); *Murphy*, 20 S.W.3d at 877. We overrule issue three and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 4, 2013
Opinion Delivered December 19, 2013

Before McKeithen, C.J., Kreger and Horton, JJ.

6