# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00846-CV

**Richard W. Jackson and Lisa C. Jackson, Appellants**

**v.**

**Janice Cox and Helen Ramsey, Appellees**

## FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
## NO. C-1-CV-17-001833, HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the order of the county court at law of Travis County dissolving a temporary injunction in a deed restriction case. Appellants are Richard W. Jackson and Lisa C. Jackson (the Jacksons), and appellees are Janice Cox and Helen Ramsey (collectively, "Cox"). This Court will affirm the order.

The Jacksons and Cox are near neighbors on Peckham Drive, Point Venture in Travis County. The parties' dispute commenced when the Jacksons began letting their house out for short-term rentals. According to Cox, the short-term renters often did not behave themselves. At times, there were weekend parties with more than thirty guests playing music, singing karaoke, and dancing on the roof of the Jacksons' house until late at night. Other renters were guilty of throwing beer cans and other trash on Cox's property and other unbecoming conduct.

Cox claims that she attempted unsuccessfully to resolve the matter amicably by speaking directly to the Jacksons and other neighbors. She then set about to change the subdivision's restrictive covenants. Pursuant to section 4 of Article I of the deed restrictions, changes to the covenants may be accomplished by a majority vote of the lot owners. Cox sought to obtain a majority approval of an amendment prohibiting rentals for fewer than ninety days.

The Jacksons, joined by Kathleen Woodall, another lot owner, responded by filing suit against Cox. By the suit, the Jackson group sought, among other things, to enjoin Cox from recording any amendments not in compliance with the thirty-day notice requirement and the requirement of prior recommendation of the Architectural Control Authority, pursuant to Article IX of the deed restrictions.

After hearing, the trial court granted a temporary injunction. The trial court found that Cox was attempting to violate the thirty-day notice and the Architectural Control Authority requirements of Article IX of the deed restrictions. The trial court enjoined Cox from recording any amendments not in compliance with such requirements. Cox did not appeal the temporary-injunction order.

Thereafter, Cox deposed Woodall, among others. After she sold her Point Venture property, Woodall nonsuited her claims against Cox.

The parties filed competing motions for partial summary judgment concerning the amendment procedures of the deed restrictions. After hearing, the court granted Cox's motion and denied the Jacksons'.

Cox then moved to dissolve the temporary injunction. The Jacksons did not file an answer or response to the motion to dissolve. After hearing, the court granted the motion to

2

dissolve. Before the Jacksons filed a notice of appeal, Cox recorded the amendment with the Travis County clerk.

As a preliminary matter, Cox questions this Court's jurisdiction to entertain the appeal. This is so, she claims, because the controversy is mooted in that she recorded the amendment before the notice of appeal was filed. We disagree.

The temporary injunction, granted as a part of an ongoing controversy, still has continuing vitality because the dispute relates to "any amendments" to the deed restrictions that Cox might seek to record while the lawsuit pends. By the trial court's findings and the terms of the temporary injunction, any amendment, not just the specific one in evidence at the time of the temporary-injunction hearing, needs to satisfy the two preconditions before recordation.

In a single issue, the Jacksons assert that the trial court abused its discretion by dissolving the temporary injunction absent a showing of changed conditions. The dissolution of a temporary injunction is generally within the trial court's discretion. *See State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984); *Universal Health Servs. v. Thompson*, 24 S.W.3d 570, 580 (Tex. App.—Austin 2000, no pet.). The trial court is authorized to dissolve a temporary injunction upon a showing of changed circumstances. *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 835 (Tex. App.—Austin 1984, no writ). Changed circumstances may include an agreement of the parties, newly revealed facts, or a change in the law that makes the temporary injunction unnecessary or improper. *Murhpy v. McDaniel*, 20 S.W.3d 873, 878 (Tex. App.—Dallas 2000, no pet.).

Cox maintains that changed circumstances justify the dissolution of the temporary injunction. First, Cox points to newly revealed facts demonstrating that, contrary to the Jacksons'

3

pleading and argument, all lot owners in the subdivision had received notice of and a copy of Cox's proposed amendment before the date of the temporary-injunction hearing.

After the temporary injunction issued, Cox commenced discovery. She took the deposition of Woodall.[1] Woodall testified on deposition that, on February 2, 2017, she mailed a letter along with a copy of Cox's proposed amendment to every lot owner in the subdivision except Cox. By the letter, Woodall urged the lot owners to reject Cox's amendment. About three weeks later, the Jackson group filed their lawsuit. A month later, the court heard their application for the temporary injunction. At the hearing, although the Jackson group knew that everyone in the subdivision, except Cox, had received a copy of the proposed amendment, they still claimed lack of notice to the property owners. Cox maintains that the newly revealed facts demonstrate that the trial court could have been misled at the injunction hearing by the Jacksons' claims of lack of due process and notice to lot owners.

Cox asserts second that Woodall's non-suit of her claims constituted a changed circumstance. As one of the plaintiffs, Woodall had sued Cox claiming alter ego and breach or attempted breach of the deed restrictions and requesting a declaratory judgment. After entry of the temporary injunction, Woodall non-suited all claims against Cox.

Cox adduced evidence of changed circumstances. Accordingly, the trial court, in the exercise of its discretion, was justified in dissolving the temporary injunction. The order is affirmed.

---

[1] Woodall's deposition excerpt is exhibit 5 to Cox's response in opposition to the Jacksons' cross-motion for partial summary judgment.

On January 12, 2018, this Court granted the Jacksons' emergency motion and entered an order staying trial and the trial court order dissolving the temporary injunction in the causes pending our decision in the present interlocutory appeal, *see In re Jackson*, Nos. 03-17-00846-CV, 03-17-00849-CV, 2018 WL 454742, at *1 (Tex. App.—Austin Jan. 12, 2018, orig. proceeding) (mem. op.); this Court now lifts our January 12, 2018 stay order.

_____

Bob E. Shannon, Justice

Before Justices Goodwin, Field, and Shannon*

Affirmed

Filed:   August 3, 2018

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).