Fidae KASSIM d/b/a Kassim Auto, Inc.
and Samar Chehab d/b/a Kassim
Auto, Inc., Appellants,

v.

CARLISLE INTERESTS,
INC., Appellee.

No. 05–09–01200–CV.

Court of Appeals of Texas,
Dallas.

March 30, 2010.

Rod Khavari, Mohamad Said, Shahin Shamseddin Modjarrad, Modjarrad & Abusaad, P.C., Richardson, for appellant.

Richard M. Dooley, Dooley & Associates, Dallas, for appellee.

Before Justices RICHTER, LANG–MIERS, and MURPHY.

## OPINION

Opinion by Justice RICHTER.

This is an accelerated appeal from the trial court's interlocutory order granting Carlisle Interests Inc.'s ("Carlisle") motion to dissolve a temporary injunction. In four issues, Fidae Kassim d/b/a Kassim Auto Inc. ("Kassim") and Samar Chehab

d/b/a Kassim Auto Inc. ("Chehab") (together, "KAI") argue the trial court erred in dissolving the temporary injunction because there was no default under the lease agreement, the dissolution resulted in irreparable injury, and the underlying dispute involved a breach of contract rather than a forcible entry and detainer. Concluding KAI's arguments are without merit, we affirm the trial court's order.

**BACKGROUND**

Kassim owns a business known as Pro Quick Lube ("PQL") and operated the business on commercial property (the "Property") leased in Plano, Texas pursuant to a lease agreement (the "Lease"). Carlisle is the owner of the Property. The Lease initially listed PQL as the tenant and Carlisle as the landlord, but PQL assigned the Lease to Ahmed Buzzi ("Buzzi"), who in turn assigned the subleased estate to Chehab. When Chehab assumed the obligations of tenant under the Lease, she also executed and delivered a guaranty of all sums payable under the Lease.

The Lease provides, in pertinent part, that the tenant is obligated to pay the landlord any amount paid by a sublessee that exceeds the rental payable under the Lease. In March 2008, KAI rented the PQL business, including the Property, to Ignacio Vargas ("Vargas") and Alfonso Garcia ("Garcia"). The agreement is memorialized in a document entitled "Commercial Sublease" (the "Sublease"). The Sublease identifies KAI as the sublessor, Garcia and Vargas as the sublessees, and Carlisle as the landlord. Carlisle did not sign or otherwise consent to the Sublease.

By letter dated June 30, 2009, Carlisle demanded payment of all excess rentals paid to KAI by the sublessors under the Sublease. Because the demand was not honored, on July 14, 2009, Carlisle notified Chehab, KAI, PQL, and Buzzi that the Lease was terminated. Three days later, Carlisle changed the locks on the Property and advised Kassim that he no longer had the right to enter the Property.

KAI filed an original petition and application for a temporary restraining order ("TRO") in the district court and asserted claims for breach of contract, negligent misrepresentation, negligence, fraud, and conversion. The petition requested a declaratory judgment that the monies collected from the sublessees do not constitute excess rentals payable under the Lease. The petition further requested that the court enter a temporary injunction requiring Carlisle to reinstate the Lease and cease any further interruption of the business as operated by the sublessees. A visiting judge issued a TRO ex parte. Carlisle subsequently answered the petition and asserted a counterclaim for breach of contract. Carlisle also requested sanctions because the actions KAI sought to restrain occurred sixteen days before the TRO was issued. Following a hearing, the visiting judge signed a temporary injunction restraining Carlisle from terminating the Lease, interfering with the Sublease, and locking KAI out of the Property. Carlisle moved to modify and dissolve the temporary injunction. The motion pointed out that the termination of the Lease and locking KAI out of the Property occurred before the grant of injunctive relief. Carlisle also argued that the district court had no jurisdiction because the justice court has exclusive jurisdiction over forcible entry and detainer actions.

After a hearing, the trial court issued an order modifying the temporary injunction, and then issued an order dissolving it.[1]

1. The order modifying the temporary injunction allowed Carlisle to accept rent and other payments under the Lease without waiving its

The order dissolving the temporary injunction does not state the basis for the dissolution. This interlocutory appeal of the court's order on dissolution followed.

## DISCUSSION

■ The determination of whether to dissolve a temporary injunction lies within the sound discretion of the trial court, and we will not overrule its determination absent an abuse of discretion. *See Universal Health Srvs. Inc. v. Thompson,* 24 S.W.3d 570, 580 (Tex.App.-Austin 2000, no pet.); *Murphy v. McDaniel,* 20 S.W.3d 873, 877 (Tex.App.-Dallas 2000, no pet.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or when it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). When, as here, the interlocutory appeal is from an order granting a motion to dissolve, and the initial order granting temporary injunctive relief was not appealed, we do not consider the propriety of the trial court's decision granting the initial injunctive relief. *Murphy,* 20 S.W.3d at 877. Our limited review of the dissolution of the temporary injunction does not allow us to consider whether the evidence supports the initial award of injunctive relief. *See id.* Instead, our review is limited to the narrow question of whether the trial court's action in dissolving the injunction constituted a clear abuse of discretion. *Id.*

■ The purpose of a motion to dissolve is "to provide a means to show changed circumstances or changes in the law that require modification or dissolution of the injunction; the purpose is not to

give an unsuccessful party an opportunity to relitigate the propriety of the original grant." *Tober v. Turner,* 668 S.W.2d 831, 836 (Tex.App.-Austin 1984, no writ). Thus, a trial court generally has no duty to dissolve an injunction unless fundamental error has occurred or conditions have changed. *See Cellular Mktg., Inc. v. Houston Cellular Tel. Co.,* 784 S.W.2d 734, 735 (Tex.App.-Houston [14th Dist.] 1990, no writ).

■ Because of the narrow scope of our review in this interlocutory appeal, we begin our analysis by determining which of KAI's issues are properly before us. KAI's issues can be broadly categorized to advance three principal arguments: (1) that it will be irreparably injured without the injunction; (2) that it did not default under the Lease; and (3) that the trial court erred in concluding the underlying suit was one involving possession of property and therefore exclusively within the jurisdiction of the justice court. The first two issues appear to also have been argued in support of the initial order granting injunctive relief.[2] The parties do not assert, nor does the record reflect, any changed circumstances or conditions. Because KAI's issues concerning irreparable harm and default under the Lease pertain to the propriety of the initial award of injunctive relief, they are outside the scope of our review. *See Murphy,* 20 S.W.3d at 877. Therefore, we are constrained from reviewing KAI's issues concerning irreparable harm and default under the Lease.

■ The third issue, however, concerns jurisdiction. Fundamental error exists when the record shows the court

right to terminate the Lease and demand excess rentals.

2. Our presumption concerning the arguments that were made in support of injunctive relief is based on the pleadings in the record before

us. The record does not include a transcription of any of the hearings in this matter or any evidence that may have been adduced at these hearings.

lacked jurisdiction. *See Universal Health Srvs.*, 24 S.W.3d at 580. Although this issue was also before the court at the time the injunctive relief was awarded, the existence of subject matter jurisdiction may be raised for the first time on appeal by the parties or the court on its own motion. *It's The Berrys, LLC, v. Edom Corner, LLC,* 271 S.W.3d 765, 769 (Tex.App.-Amarillo 2008, no pet.). Thus, our review is confined to whether the trial court erred in determining that the underlying issue involved the right to immediate possession and was therefore within the exclusive jurisdiction of the justice court.

The justice court has original jurisdiction in cases of forcible entry and detainer. TEX. GOV'T CODE ANN. § 27.031(a)(2) (Vernon Supp. 2009); TEX. PROP.CODE ANN. § 24.004 (Vernon Supp. 2009); *Dass, Inc. v. Smith,* 206 S.W.3d 197, 200 (Tex.App.-Dallas 2006, no pet.). The only issue to be decided in a forcible detainer action is which party has the right to immediate possession of the property. *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex. App.-Dallas 2001, no pet.); *Hong Kong Development, Inc. v. Nguyen,* 229 S.W.3d 415, 434 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Where a claimed right of possession necessarily requires resolution of a title dispute, the justice court lacks subject matter jurisdiction. *Rice,* 51 S.W.3d at 709, TEX.R. CIV. P. 746.

A forcible detainer action is cumulative of, not exclusive of, other remedies that a party may have. *McGlothlin v. Kliebert,* 672 S.W.2d 231, 233 (Tex.1984); *Dormady v. Dinero Land & Cattle Co., L.C.,* 61 S.W.3d 555, 558 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.). "If all matters between the parties cannot be adjudicated in the justice court ... then either party may maintain an action in a court of competent jurisdiction for proper relief." *McGlothlin,* 672 S.W.2d at 233.

For these reasons, a forcible detainer suit may run concurrently with another action in another court—even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible detainer suit. *See Villalon v. Bank One,* 176 S.W.3d 66, 70–71 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). Matters relating to possession may overlap in the two proceedings because "a judgment of possession in a forcible detainer action is a determination only of the right to *immediate possession* and does not determine the *ultimate* rights of the parties to any other issue in controversy relating to the realty in question." *Lopez v. Sulak,* 76 S.W.3d 597, 605 (Tex. App.-Corpus Christi 2002, no pet.).

KAI argues the underlying dispute involves contractual interpretation rather than the right to actual possession of the premises, and further asserts that it has always timely paid all base rent under the Lease. We are not persuaded by this argument. The issues to be determined by the district court on adjudication of the merits are distinct from the scope of the injunctive relief. The injunction concerned the right of *immediate* possession under the Lease, and restrained Carlisle from terminating the Lease, locking KAI out of the Property, interfering with the Sublease, and locking sublessees out of the Property. The injunction also prohibited Carlisle from "interfering" with KAI's or the sublessees' business. In addition, because the lock out had already occurred, the injunctive relief sounded in the nature of a writ of reentry. A writ of reentry must be filed in the justice court. *See* TEX. PROP.CODE ANN. § 93.003(b) (Vernon 2007). Although the district court's final adjudication of KAI's claims on the merits may ultimately result in a determination of the parties' rights and obligations under the Lease, including the right of possession,

determination of the right to immediate possession or reentry was within the exclusive jurisdiction of the justice court. Consequently, the district court did not err by dissolving the temporary injunction. KAI's third issue is overruled. The trial court's order is affirmed.