**Affirm and Opinion Filed February 17, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00436-CV

**HOLLY BONE, Appellant and Relator**
**V.**
**DAVID TYLER MOSS and FIDELISSIMUS LLC, Appellees and Real Parties in Interest**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-09893**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

Appellant and relator Holly Bone[1] appeals the trial court's interlocutory order

in this collection action, which denied her motion to vacate a temporary injunction

and her motion to increase the temporary injunction bond. Bone's appellate issues

presented are (i) whether her income is subject to her husband's liability incurred

prior to marriage, (ii) whether the trial court's orders were issued without notice to

her, and (iii) whether the funds in the registry of the court should be distributed to

---

[1] The parties and trial court, at times, refer to Holly Bone as Holly Martin or Holly Bone-Martin.

her. Additionally, Bone has filed a petition for writ of mandamus in this cause to compel the trial court to grant her motion to vacate two turnover orders. We affirm the judgment of the trial court. We deny Bone's petition for writ of mandamus.

## I. BACKGROUND

### A. Underlying Collection Orders

On April 15, 2016, appellees and real parties in interest obtained a final judgment against Marko Princip and Brian Martin after a jury trial in the United States District Court for the Northern District of Texas. Appellees domesticated this final judgment before the 68th Judicial District Court of Dallas County. On September 21, 2020, the trial court entered an Ex Parte Order for Turnover Relief (First Turnover Order), which provided:

> 1. Judgment Debtors Brian Martin and/or Marko Princip are the owners or controllers of the property described as the Futuristicub YouTube channel, and the CreamWorks Animations YouTube channel, and associated financial accounts.
>
> 2. Google, LLC, through its related entity YouTube, controls access to the above-described property.
>
> 3. This property in question is not exempt under any statute from attachment, execution, or seizure.
> . . . .
> It is therefore ORDERED that Google, LLC, through its related entity YouTube, immediately TURN OVER for levy . . . the following:
>
> a. All control of the YouTube channels known as FuturusticHub and CreamWorks Animations, and any other YouTube channels held by or controlled by Judgment Debtors and their Family . . .

(strikethrough in original).

On October 15, 2020, the trial court held a hearing on appellees' motion for temporary injunction against, *inter alia*, Martin. The trial court heard evidence regarding Martin's ownership of four YouTube channels, which appellees sought to recover in the collection suit. Martin contended that Bone, and not he, owned two of the YouTube channels: FuturisticHub and CreamWorks Animations. Brandon Keating testified he knew Martin for about ten years and worked in the same industry. Keating explained he previously sued Martin in federal court regarding a different YouTube channel. Keating testified Martin admitted "on the stand" that Martin created the FuturusticHub channel. Keating further testified Martin created and owned the CreamWorks Animations channel. Keating testified he never heard of Bone until "the last few weeks" before the hearing. During the hearing, Marko Princip testified he had not heard Holly Martin owned FuturusticHub or CreamWorks Animations; to the contrary, Princip testified Martin owned FuturusticHub and CreamWorks Animations.

Martin testified he was "common law married to Bone in the United Kingdom." Prior to this alleged common law marriage, Martin testified he was previously married to Chrissie Martin. Martin and Chrissie Martin divorced in 2019, and their final decree of divorce awarded Martin, as his sole and separate property:

> All duties, rights, title, interest copyrights, patents, intellectual property, taxes and earnings past, present and future to his YouTube Channel "Futuristichub" business.

Nevertheless, Martin testified Bone created and owned the FuturisticHub YouTube channel. When asked about how Martin became involved in FuturisticHub, Martin testified:

> A. Yes. I got involved with Holly when I met her in a Minecraft game. I was actively seeking, scouting for talent, and I met her in the Minecraft game. She had told me about her talents and her stuff, and that is when we met. I'm trying to make it not sound creepy.
>
> Q. And what year was that?
>
> A. 2012.

Martin testified that Bone owned CreamWorks Animations channel and that she created it in 2018. Ultimately, the trial court entered an Order Granting Temporary Injunction (Temporary Injunction), which provided:

> l. Brian D. Martin, Holly B. Martin (formerly Holly Bone), Carolyn M. Martin,[2] and Marko Princip (collectively, the "Restrained Parties") are restrained and enjoined from withdrawing, receiving, disbursing, transferring, or otherwise disposing of any funds generated by the following YouTube channels and their associated Google AdSense accounts:
>
> > a. FuturisticHub
> > https://www.youtube.corn/user/FuturisticHub
> >
> > b. CreamWorks Animations
> > https://www.youtube.com/channel/UC5gHYu0VKehW-N6VaaQIHMw
> >
> > c. TopTrends
> > https://www.youtube.com/channel/UCY3J7ceowh1kNrx283xtuYw

---

[2] Carolyn Martin is Brian Martin's mother.

d. BlockTastic
https://www.youtube.com/ehannel/UCDH7rvHSmgdJl1w8PwX
gK0Q

(footnote added). On November 23, 2020, the trial court entered an Order Granting

Plaintiff/Judgment Creditors' Motion To Compel Turnover of Non-Exempt Property

and Enforcement of Court Orders in Aid of Post-Judgment Collection From Non-

Party Google, LLC, Google Adsense, And All Related Entities (Second Turnover

Order), which provided:

l. Plaintiffs / Judgment Creditors David Tyler Moss and Fidelissimus, LLC have a valid and existing domesticated Judgment for $l8,600,000.00 plus post-judgment interest of 0.55% per annum. As of November 15, 2020, the amounts owed to Plaintiffs by Judgment Debtors are $19,072,751.42.

2. Defendant / Judgment Debtor Brian Martin owns or controls and is entitled to the revenue for the following YouTube channels[]:

a. FuturisticHub
https://www.youtube.corn/user/FuturisticHub

b. CreamWorks Animations
https://www.youtube.com/channel/UC5gHYu0VKehW-N6VaaQIHMw

c. TopTrends
https://www.youtube.com/channel/UCY3J7ceowh1kNrx283xtu
Yw

d. BlockTastic
https://www.youtube.com/ehannel/UCDH7rvHSmgdJl1w8PwX
gK0Q

e. And any and all other YouTube channels owned or controlled by Defendants/Judgment Debtors Brian Martin and Marko Princip.

. . . .

IT IS THEREFORE ORDERED that Google shall take the following actions by or before 5:00 p.m. Central Standard Time of the next full business day after this Order is signed:

l. Google shall pay and deposit into the registry of the Court all funds payable to the following YouTube channels whether through their linked AdSense accounts or otherwise:

> a. FuturisticHub
> https://www.youtube.corn/user/FuturisticHub
>
> b. CreamWorks Animations
> https://www.youtube.com/channel/UC5gHYu0VKehW-N6VaaQIHMw
>
> c. TopTrends
> https://www.youtube.com/channel/UCY3J7ceowh1kNrx283xtuYw
>
> d. BlockTastic
> https://www.youtube.com/ehannel/UCDH7rvHSmgdJl1w8PwXgK0Q
>
> e. And any and all other YouTube channels owned or controlled by Defendants/Judgment Debtors Brian Martin and Marko Princip.

2. Google shall pay and deposit into the Registry of the Court all funds payable to Defendants/Judgment Debtors Brian Martin and Marko Princip in Google's possession or control, whether payable to their respective AdSense accounts or otherwise.

## B. Bone's Appearance and Motions

On October 12, 2020, the trial court entered an order, which provided for alternative service on Bone. On February 1, 2021, Bone filed an original answer in the underlying collections proceeding. On February 17, 2021, Bone moved for the

trial court to reconsider its Temporary Injunction. The trial court heard this motion to reconsider on March 15, 2021, but did not rule.

On April 29, 2021, Bone moved to increase the bond posted on the Temporary Injunction. Within a May 24, 2021 response associated with her motion to increase the bond on the Temporary Injunction, Bone moved for the trial court to vacate the Temporary Injunction. The trial court heard these motions on May 24, 2021, and the trial court denied both motions by oral ruling on May 24, 2021, and by a single written order on June 24, 2021:

> After considering the evidence and hearing the arguments of counsel, it appears to the Court that the Motions should be **DENIED**.
>
> **IT IS THEREFORE ORDERED** that Defendant Holly Bone-Martin's Motion to Increase Bond is **DENIED.**
>
> **IT IS FURTHER ORDERED** that Defendant Holly Bone-Martin's Motion TO Vacate the Temporary Injunction dated October 15, 2020, is **DENIED.**

(emphasis in original).

On July 27, 2021, Bone moved to vacate both turnover orders. The trial court heard this motion on August 6, 2021. The trial court denied the motion by oral ruling on August 6, 2021, and by written order on August 31, 2021:

> After considering the evidence and hearing the arguments of counsel, it appears to the Court that the Motion should be **DENIED**.
>
> **IT IS THEREFORE ORDERED** that Defendant Holly Bone-Martin's Motion to Vacate Turnover Orders is **DENIED**.

(emphasis in original).

## C. Bone's Appeals and Petition for Writ of Mandamus

Pursuant to Civil Practice and Remedies Code § 51.014(a)(4), Bone timely appealed the trial court's denial of her motion to increase bond and motion to vacate the temporary injunction, which is the subject of this opinion.[3] Bone also appealed the trial court's August 31, 2021 order denying her motion to vacate both turnover orders, which became the subject of *Bone v. Moss*, No. 05-21-00803-CV, 2021 WL 5410611, at *1 (Tex. App.—Dallas Nov. 19, 2021, no pet. h.). Our Court ultimately dismissed this second appeal:

> Appellant appeals the trial court's order denying appellant's motion to vacate turnover orders. After reviewing the clerk's record, we questioned our jurisdiction over this appeal because the order did not appear to be appealable. *See Abira Med. Labs, LLC v. St. Jude Med. SC, Inc.*, No. 14-17-00849-CV, 2018 WL 3911084, at *2 (Tex. App.—Houston [14th Dist.] Aug. 16, 2018, no pet.) (mem. op.); *see also* TEX. R. APP. P. 26.1. At our request, the parties filed letter briefs addressing our concern. In her letter brief, appellant states she has no objection to the appeal being dismissed for want of jurisdiction.
> . . . .
> We dismiss the appeal and order that appellees recover their costs, if any, of this appeal from appellant. *See* TEX. R. APP P. 42.3(a), 43.4.

---

[3] Texas Civil Practice and Remedies Code § 51.014(a)(4) provides:

> A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that: . . . . grants or refuses a temporary injunction or grants or *overrules a motion to dissolve a temporary injunction* as provided by Chapter 65.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (emphasis added).

*Bone*, 2021 WL 5410611, at *1. Subsequently, Bone petitioned for writ of mandamus on the trial court's August 31, 2021 order, which is the subject of this opinion.

## II.    ANALYSIS OF THE APPEAL

During oral argument, Bone's counsel explained that (i) the appeal concerned the temporary injunction and (ii) the petition for writ of mandamus concerned the turnover orders. On appeal, Bone presents four issues regarding the trial court's error in failing to vacate the temporary injunction, which we reproduce verbatim:

> Judge Hoffman denied a motion to vacate the injunction. The issues presented are [(i)] whether Appellant's income is subject to her husband's liability incurred prior to marriage, [(ii)] whether the court's injunction and two turnover orders were in fact issued without notice to Ms. Bone, [(iii)] whether they should be vacated, and [(iv)] whether funds taken pursuant to those orders should be removed from the registry of the court and returned to Appellant.

Bone's issues and briefing appear to attack, in part, the trial court's prior orders granting a temporary restraining order and a temporary injunction. However, Bone did not appeal those orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). Indeed, the only ruling appealed is the trial court's ruling and order denying Bone's motion to vacate the temporary injunction and motion to increase bond. To the extent that Bone has sought to challenge the temporary restraining order and temporary injunction, such challenges are beyond the scope of this appeal. *See In re Guardianship of Stokley*, No. 05-10-01660-CV, 2011 WL 4600428, at *2 (Tex. App.—Dallas Oct. 6, 2011, no pet.) (mem. op.). "When, as in this case, the appeal

–9–

is from an order denying a motion to dissolve, and earlier orders granting injunctive relief were not appealed, we do not consider the propriety of the trial court's prior decision to grant injunctive relief." *Id*. "We presume the injunction was not improvidently granted and the record as a whole supports the trial court's action." *Id*. Instead, our review here is limited to the narrow question of whether the trial court abused its discretion by denying Bone's motion to vacate the temporary injunction and motion to increase bond. *See id.*

"The determination of whether to dissolve a temporary injunction lies within the sound discretion of the trial court, and we will not overrule its determination absent an abuse of discretion." *Kassim v. Carlisle Interests, Inc.*, 308 S.W.3d 537, 540 (Tex. App.—Dallas 2010, no pet.). "The purpose of a motion to dissolve a temporary injunction is to provide a means to show that changed circumstances, including changes in the law, compel the dissolution of the injunction." *Murphy v. McDaniel*, 20 S.W.3d 873, 877 (Tex. App.—Dallas 2000, no pet.) (citing *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 836 (Tex. App.—Austin 1984, no writ)). The purpose of a motion to dissolve is not to give a party an opportunity to relitigate the propriety of the original grant. *Kassim*, 308 S.W.3d at 540.

"A trial court may modify an injunction because of fundamental error or changed circumstances, 'but has no duty to reconsider the grant of an injunction if the movant fails to present *new* evidence showing fundamental error or changed conditions.'" *In re Guardianship of Stokley*, 2011 WL 4600428, at *3 (quoting

–10–

*Universal Health Services, Inc. v. Thompson*, 24 S.W.3d 570, 580 (Tex. App.—

Austin 2000, no pet.) (emphasis in original). In *In re Guardianship of Stokley*, we

discussed fundamental error and changed circumstances in the context of injunctive

relief:

> Fundamental error exists "in those rare circumstances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982); *see also In re C.O.S.*, 988 S.W.2d 760, 765 (Tex.1999); *Universal Health Servs.*, 24 S.W.3d at 580. Changed circumstances are conditions that altered the status quo existing after the injunction was granted or that made the injunction unnecessary or improper. *See Universal Health Servs.*, 24 S.W.3d at 580; *City of San Antonio v. Singleton*, 858 S.W.2d 411, 412 (Tex. 1993) (citing *Henke*, 6 S.W.3d at 721). "Changed circumstances may include an agreement of the parties, newly revealed facts, or a change in the law that make the temporary injunction unnecessary or improper." *Murphy*, 20 S.W.3d at 877.

2011 WL 4600428, at *3.

Here, the trial court conducted two hearings subject to this appeal: on March

15, 2021, and May 24, 2021. Our record does not contain the reporter's record of the

March 15, 2021 hearing. Thus, to the extent that Bone asserts the trial court erred at

the March 15, 2021 hearing, Bone has failed to provide an adequate record on appeal.

*See* TEX. R. APP. P. 34.1, 34.6. Otherwise, as in *In re Guardianship of Stokley*, Bone

did not present any evidence at the May 24, 2021 hearing. 2011 WL 4600428, at *3.

Bone did not ask for an opportunity to present evidence at the May 24, 2021 hearing.

Bone did not object on the grounds that she had evidence she wanted to present or

–11–

that she was somehow denied an opportunity to be heard. Bone did not attempt to make an offer of proof or file a bill of exceptions. During oral argument before our Court, Bone's counsel conceded that he did not seek to admit any documents into evidence during the hearings. Thus, the trial court was without any evidence of changed circumstances or evidence that revealed fundamental error,[4] which would support vacating the Temporary Injunction. *See id.*

Bone's briefing asserts the trial court erred when it denied her request to increase the amount of the Temporary Injunction bond. The trial court is required to set a bond when it grants a temporary injunction. TEX. R. CIV. P. 684. The applicant must post the bond, and it is payable to the adverse party if the temporary injunction is dissolved at trial. *Id.* The purpose of a bond is to provide protection to the enjoined party for any possible damages occurring as a result of the injunction. *Bayoud v. Bayoud,* 797 S.W.2d 304, 312 (Tex. App.—Dallas 1990, writ denied). "We must determine the adequacy of the bond set by the trial court on a case by case basis after reviewing the record before us." *Amwest Sav. Ass'n v. Rosemeade Dev. Co.*, No. 05-91-02110-CV, 1992 WL 111017, at *7 (Tex. App.—Dallas May 15, 1992, no writ). The amount of the bond required rests with the sound discretion of the trial court, and we do not disturb that decision without a showing of an abuse of discretion.

---

[4] Bone's argument that the Temporary Injunction was issued without proper service to her was not presented to the trial court at the May 24 hearing. This issue was included in Bone's motion to reconsider and supplemental motion to reconsider the Temporary Injunction; however, the trial court did not rule on these motions and, thus, they are not properly before us for review.

*Amwest Sav. Ass'n*, 1992 WL 111017, at \*7. Bone asserts on appeal that the amount

of the bond "is unlawfully low." Bone refers us to our sister court's opinion in

*Genssler v. Harris County*:

> *Without some evidence in the record that supports a higher bond amount, we cannot conclude that the trial court abused its discretion. See IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 203 (Tex. App.—Fort Worth 2005, no pet.) (holding trial court did not abuse its discretion in setting temporary injunction bond at $350,000 when appellant presented no evidence its damages would exceed that amount); *Speedman Oil Co. v. Duval County Ranch Co.*, 504 S.W.2d 923, 931 (Tex. Civ. App.—San Antonio 1973, writ ref'd n.r.e.) ("Defendants' argument that the amount of the bond is insufficient is not unpersuasive. However, the record furnishes no reliable information which would guide us in setting the proper amount."); *see also Connell Chevrolet, Inc. v. Carter*, No. 01-94-00595-CV, 1994 WL 525902, at \*6 (Tex. App.—Houston [1st Dist.] Sept. 29, 1994, no writ) (not designated for publication) (holding trial court did not abuse its discretion in setting temporary injunction bond at $1000 when appellant asserted amount was "patently an abuse of discretion" but failed to introduce any evidence to show possible damages from injunction); *Taylor v. Parker*, No. 01-87-00393, 1988 WL 10770, at \*4 (Tex. App.—Houston [1st Dist.] Feb. 11, 1988, no writ) (not designated for publication) (stating, in appeal from interlocutory order appointing receiver, "appellant bore the burden of showing that the circumstances dictated a more substantial bond").

584 S.W.3d 1, 10 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (emphasis added).

We agree with our sister court. Accordingly, as discussed above, Bone presented no

evidence to the trial court—no evidence to support a higher bond amount. Thus, the

trial court was without any evidence that would support increasing the Temporary

Injunction bond. *See id.*

We must therefore conclude the trial court did not abuse its discretion in (i) denying Bone's motion to vacate the Temporary Injunction and (ii) denying Bone's motion to increase the Temporary Injunction bond. Moreover, since Bone did not lodge an objection in the trial court, any argument that the trial court erred by not allowing her an opportunity to be "heard" or "present evidence" may not be considered on appeal. *See* TEX. R. APP. P. 33.1(a)(1). We overrule Bone's issues raised on appeal.

### III.    ANALYSIS OF THE PETITION FOR WRIT OF MANDAMUS

In her petition for writ of mandamus, Bone challenges the trial court's denial of her motion to vacate the turnover orders as an abuse of discretion. As discussed above and in our previous opinion, an order denying a motion to vacate a turnover order is not appealable. *Bone*, 2021 WL 5410611, at \*1; *see* TEX. R. APP. P. 26.1; *see*, *e.g.*, *Abira Med. Labs., LLC v. St. Jude Med. SC, Inc.*, 14-17-00849-CV, 2018 WL 3911084, at \*2 (Tex. App.—Houston [14th Dist.] Aug. 16, 2018, no pet.). Consequently, Bone petitioned for writ of mandamus to collaterally attack the trial court's denial of her motion to vacate the turnover orders.

"To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists." *Goin v. Crump*, No. 05-18-00307-CV, 2020 WL 90919, at \*4 (Tex. App.—Dallas Jan. 8, 2020, no pet.) (mem. op.). As the party seeking relief, Bone had the burden of providing this Court with a sufficient record to establish her right

–14–

to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Although the trial court heard Bone's motion to vacate the turnover orders on August 6, 2021, Bone neither offered nor admitted any evidence at the hearing. Similar to the May 24, 2021 hearing described above, Bone did not (i) ask for an opportunity to present evidence; (iii) object on the grounds that she had evidence she wanted to present; or (iii) object on grounds that she was somehow denied an opportunity to be heard. At the August 6, 2021 hearing, Bone made no attempt to make an offer of proof or file a bill of exceptions. Thus, the trial court was without evidence to grant Bone's motion to vacate the turnover orders. We must therefore conclude the trial court did not abuse its discretion in denying Bone's motion to vacate the turnover orders.

Bone's petition for writ of mandamus appears to further challenge the trial court's entry of the turnover orders from September 21, 2020, and November 23, 2020, respectively. Bone presents this issue as "whether these [turnover orders] can be reconciled with Ms. Bone's due process rights." However, in her briefing, Bone does not identify a legal issue upon which the trial court abused its discretion. Instead, Bone makes several references to the record and references to documents that were not admitted into evidence—at any hearing in our record—to assert disputed facts about the ownership of the FuturisticHub and CreamWorks Animations YouTube channels. "It is well established Texas law that an appellate

court may not deal with disputed areas of fact in an original mandamus proceeding." *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006). Thus, to the extent Bone challenges the turnover orders, she has not shown sufficient basis for mandamus relief. *See id*. Accordingly, we deny Bone's petition for writ of mandamus.

## IV.   CONCLUSION

Having overruled the issues raised on appeal and having denied relator's petition for writ of mandamus, we affirm the order of the trial court.


/Bill Pedersen, III//

BILL PEDERSEN, III
210436f.p05                                     JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HOLLY BONE, Appellant

No. 05-21-00436-CV          V.

DAVID TYLER MOSS and
FIDELISSIMUS LLC, Appellees

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-09893.
Opinion delivered by Justice
Pedersen, III. Justices Goldstein and
Smith participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DAVID TYLER MOSS and FIDELISSIMUS LLC recover their costs of this appeal from appellant HOLLY BONE.

Judgment entered this 17th day of February, 2022.