# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00514-CV

**David W. Roark, Appellant**

**v.**

**Rice Capital, LLC Series 20, Appellee**

FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
NO. C-1-CV-21-005487, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this forcible-detainer action, David W. Roark appeals from the trial court's final judgment granting possession of the subject property to Rice Capital, LLC Series 20. For the following reasons, we will affirm the judgment.

### BACKGROUND

Roark originally filed a quiet-title action in district court regarding the property, contending that the foreclosure sale at which Rice Capital acquired the property, after Roark allegedly defaulted on his mortgage, was conducted unlawfully. While that cause was pending, Rice Capital filed this forcible-detainer action in justice court and obtained a judgment in its favor. Roark filed a de novo appeal in the county court at law, which granted judgment for Rice Capital on its motion for summary disposition. *See* Tex. R. Civ. P. 503.2 ("Summary Disposition"). Roark timely perfected appeal to this Court.

**DISCUSSION**

A forcible-detainer suit is a special proceeding designed to provide a speedy, summary, and inexpensive determination of the right to immediate possession of real property. *See Scott v. Hewitt*, 90 S.W.2d 816, 818 (Tex. 1936); *Armbruster v. Deutsche Bank Nat'l Tr. Co.*, No. 03-13-00532-CV, 2015 WL 5232109, at *1 (Tex. App.—Austin Aug. 31, 2015, no pet.) (mem. op.). Justice courts and county courts, in trial de novo appeals, have exclusive jurisdiction to try forcible-detainer suits. *See* Tex. Prop. Code § 24.004; Tex. R. Civ. P. 510.10. Neither justice courts nor county courts on appeal have jurisdiction of a suit for trial of title to land. *See* Tex. Gov't Code § 27.031(b)(4); *Onabajo v. Household Fin. Corp. III*, No. 03-15-00251-CV, 2016 WL 3917140, at *2 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.).

However, the existence of a title dispute does not deprive the justice court of jurisdiction, and if there is an independent basis to resolve the possession issue, then the justice court may resolve the possession issue without deciding the title issue and it retains jurisdiction. *Flowers v. Invest Home Pro*, No. 01-21-00413-CV, 2023 WL 138870, at *2 (Tex. App.—Houston [1st Dist.] Jan. 10, 2023, no pet.) (mem. op.); *Chinyere v. Wells Fargo Bank, N.A.*, 440 S.W.3d 80, 83–84 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Forcible-detainer actions in justice court may be prosecuted concurrently with title disputes in district court. *Kassim v. Carlisle Interests, Inc.*, 308 S.W.3d 537, 541 (Tex. App.—Dallas 2010, no pet.). In most disputes, the right to title can be determined separately from the right to immediate possession, and the legislature has expressly established a system designed to decide the two issues separately. *Rice v. Pinney*, 51 S.W.3d 705, 709–10 (Tex. App.—Dallas 2001, no pet.).

In one issue, Roark contends that the county court at law lacked subject-matter jurisdiction over this action because "genuine issues regarding title to the property at issue were

intertwined with the right to possession" of the property, depriving the county court at law of jurisdiction. *See Flowers*, 2023 WL 138870, at \*2 (holding that if justice court cannot decide issue of possession without first deciding title issue, then justice court lacks jurisdiction over suit); *Mitchell v. Armstrong Cap. Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("If it becomes apparent that a genuine issue regarding title exists in a forcible detainer suit, the court does not have jurisdiction over the matter."). Based on the record, we disagree that there are genuine issues regarding title that are so intertwined with the right to possession as to deprive the justice and county court of jurisdiction.

In its sworn motion for summary disposition, Rice Capital alleged that it had purchased the property at a foreclosure sale and that Roark was a tenant at sufferance who had refused to surrender possession of the property upon Rice Capital's notice and demand, attaching exhibits including the deed of trust, notice of substitute trustee's sale, and substitute trustee's deed. To establish forcible detainer as a matter of law as purchaser of the property at the foreclosure sale, Rice Capital was required to show that (1) Rice Capital is the owner and/or landlord of the property or leased premises; (2) Roark is a tenant at sufferance, i.e., a hold-over tenant; (3) Rice Capital made a written demand for possession of the property in accordance with Section 24.005 of the Property Code; and (4) Roark has refused to surrender possession. *Killebrew v. BKE Investments, Inc.*, No. 03-13-00149-CV 2014 WL 3055984, at \*3 (Tex. App.—Austin June 30, 2014, no pet.) (mem. op.).

As relevant here, the deed of trust for the property contained the following tenant-at-sufferance clause:

> If the Property is sold pursuant to this Section 22 [entitled "Acceleration; Remedies," and providing for foreclosure on borrower's default], Borrower or any

3

> person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

As supported by the exhibits attached to its motion for summary disposition, Rice Capital established the above four requirements, and Roark does not contend that Rice Capital did not. Instead, Roark asserts that the justice court and county court at law had no jurisdiction over the forcible-detainer action because there were "genuine issues regarding title to the property" that were "intertwined with the right to possession."

But the mere existence of a title dispute does not deprive the justice or county court of jurisdiction; it is only when the right to possession cannot be determined without resolving a title dispute—when the title issue "controls" the right to possession—that a justice court or county court does not have jurisdiction. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Tenant-at-sufferance clauses separate the issue of possession from the issue of title. *Id.* at 564 (citing *Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *3 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.)). Under these provisions, a foreclosure sale transforms the borrower into a tenant at sufferance who must immediately relinquish possession to the foreclosure-sale purchaser. *Id.*

Therefore, when a tenant at sufferance articulates a title dispute that is based entirely on its contention that a foreclosure sale was improper (as here), the tenant does not allege a title dispute that is intertwined with the right to possession. *See id.* "When the party to be evicted is subject to a tenant-at-sufferance clause and the party seeking possession purchased the property at a foreclosure sale and gave proper notice requiring the occupants to vacate the

4

premises, defects in the foreclosure process are not relevant to possession." *Id.* (holding that questions of possession and title were not intertwined, as matter of law, and that justice court had exclusive jurisdiction over issue of possession where appellees purchased subject properties subject to deed of trust containing tenant-at-sufferance clause similar to that here).

Because the title dispute here—turning on whether the foreclosure sale was conducted lawfully and whether Rice Capital, therefore, holds legal title to the property—is not intertwined, as a matter of law, with the right to possession, we overrule Roark's sole issue and hold that the justice court and county court at law had subject-matter jurisdiction over this forcible-detainer action. *See id.*; *Maxwell*, 2013 WL 3580621, at *3; *see also Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) (concluding that any defects in foreclosure process or with appellee's title to property were not relevant to issue of possession and could not be considered in forcible-detainer action).

## CONCLUSION

We affirm the county court at law's judgment awarding possession to Rice Capital.

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Affirmed

Filed: May 24, 2024

5