**Opinion issued April 23, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00659-CV

———————————

**WILLIAM VIDES, WILL VIDES PROPERTIES, LLC, WILLIAM VIDES PROPERTY LLC, WV SYSTEMS LLC, AND JOKE RIDER PRODUCTION LLC, Appellants**

**V.**

**HIGHLAND VILLAGE MANAGEMENT LLC, Appellee**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 23-DCV-309158**

---

## MEMORANDUM OPINION

Appellants, William Vides, Will Vides Properties, LLC, William Vides Property LLC, WV Systems LLC, and Joke Rider Production LLC (collectively, "appellants"), appeal from the trial court's order denying their motion to dissolve

temporary injunction. In their sole issue, appellants contend that the trial court erred in denying their motion because appellee, Highland Village Management LLC ("HVM"), did not present any evidence of irreparable injury.

We affirm.

## Background

HVM manages and oversees the daily operations of the shopping center located at Highland Village in Houston, Texas. Haidar Barbouti is HVC's President. Jeannie Pena, HVM's administrator, handled its payroll and payment to independent contractors. William Vides coordinated and provided security services to HVM.

In September 2023, HVM sued appellants alleging that Vides, with Pena's help, embezzled over $4 million from HVM. HVM further alleged that the remaining appellants—Will Vides Properties, LLC, William Vides Property LLC, WV Systems LLC, and Joke Rider Production LLC—wrongfully concealed, benefitted, or otherwise conspired with Vides to hide the stolen funds or hold assets purchased with the funds. HVM asserted claims for civil theft, fraud, fraud by nondisclosure, and fraudulent transfer against appellants and a claim for breach of fiduciary duty against Vides. HVM sought a temporary restraining order and a temporary injunction to prevent appellants from using or transferring funds improperly obtained from HVM; selling, transferring, or otherwise disposing of any real or personal property that appellants obtained by using HVM's funds; and

2

altering or destroying documents or information from business or personal files. HVM also sought a writ of attachment against appellants in the amount of $4,384,630.11 as well for several real properties. HVM attached the unsworn declaration of Jesse M. Daves, a certified public accountant and certified fraud examiner, to its pleading.

Following an evidentiary hearing, the trial court granted HVM's application for temporary injunction. On October 10, 2023, the trial court entered its written order, stating:

(a) Defendants shall not use or transfer any funds they obtained from HVM that may be found in any bank or other financial institution or account, or in Defendants' personal possession, or to which Defendants have any access;

(b) Defendants shall not sell, transfer, or otherwise dispose of any real or personal property that they obtained, directly or indirectly, in whole or in part, by using HVM's funds;

(c) Defendants shall preserve and not alter or destroy any paper or electronic documents or information from any business or personal files or accounts including without limitation: i) business records; ii) personal financial records including records of bank or other accounts; iii) email accounts; iv) Facebook, Linked-in, or other social media accounts; and v) cell phone accounts; and,

(d) Defendants shall disclose (1) all bank and other accounts where any funds received directly from HVM are held and (2) all property purchased with funds received from HVM within three business days of service of this Order and supplement this information on a continuing basis.

Following entry of the temporary injunction order, appellants filed a motion to dissolve the temporary injunction, or, in the alternative, motion to reconsider and motion for modification.[1] They argued that the trial court should dissolve the temporary injunction because (1) HVM failed to post a sufficient bond in proportion to the relief and assets being held and thus the temporary injunction was void, and (2) newly revealed facts created changed circumstances that made the temporary injunction unnecessary or improper. With respect to the latter argument, appellants argued that the testimony and financial documents produced during discovery—such as bank accounts, tax filings, and payrolls statements—and presented at the temporary injunction hearing failed to establish (1) an intent to defraud, which is a required element of a theft claim, and (2) that HVM faced probable, imminent, and irreparable injury if a temporary injunction was not granted.

The trial court held a hearing on appellants' motion to dissolve the temporary injunction on August 1, 2024. At the conclusion of the hearing, the court deferred ruling on the motion to allow the parties to conduct further discovery.

---

[1] Before appellants filed their motion to dissolve, the trial court found that appellants had failed to comply with its temporary injunction order and granted HVM's motion for civil contempt. In a separate order, the trial court ordered Vides to deposit $333,750.00—an amount equal to the value of each of the "cash-out" loans obtained by him after entry of the temporary injunction order—into the registry of the court.

4

Appellants then amended their motion to dissolve the temporary injunction,[2] and the trial court held a hearing on the amended motion on August 22, 2024. Finding "no change" and "no reason to change [its] initial order," the trial court denied appellants' motion by written order the same day.

Appellants timely filed their notice of accelerated appeal, stating that they "desire[d] to appeal the interlocutory Order Denying Motion to Dissolve Temporary Injunction signed on August 22, 2024."

## Discussion

In their sole issue, appellants contend that the trial court erred in denying their motion to dissolve the temporary injunction because HVM did not provide evidence of irreparable injury.

### A. Standard of Review

We review a trial court's decision to grant or deny a motion to dissolve a temporary injunction under an abuse of discretion standard. *Stewart Beach Condo. Homeowners Ass'n, Inc. v. Gili N Prop. Invs., LLC*, 481 S.W.3d 336, 342–43 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Conlin v. Haun*, 419 S.W.3d 682, 686 (Tex. App.—Houston [1st Dist.] 2013, no pet.)). A trial court has broad discretion in denying or granting such a motion. *Id.* "A trial court abuses its

---

[2]    The amended motion omitted the alternative motions for reconsideration and modification.

5

discretion only if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *Id.* (quoting *Intercontinental Terminals Co. v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 892 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).

**B.     Scope of Interlocutory Appeal**

As a threshold matter, we address our jurisdiction over appellants' appeal and the scope of our review.

Courts always have jurisdiction to determine their own jurisdiction. *Tex. Right to Life v. Van Stean*, 702 S.W.3d 348, 355 (Tex. 2024). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Kim v. Ramos*, 632 S.W.3d 258, 264 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

Section 51.014 of the Texas Civil Practice and Remdies Code—the statute granting us jurisdiction to hear an interlocutory appeal—allows an appeal from either an order that "grants or refuses a temporary injunction" or one that "grants or overrules a motion to dissolve a temporary injunction." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). "The interlocutory appeal of an order denying a motion to dissolve a temporary injunction is an accelerated appeal, and accordingly, the notice of appeal must be filed within 20 days of the date of the order denying the motion." *Conlin*, 419 S.W.3d at 685; TEX. R. APP. P. 26.1(b) ("[I]n an accelerated

6

appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed"); TEX. R. APP. P. 28.1(b) ("[A]n accelerated appeal is perfected by filing a notice of appeal . . . within the time allowed by Rule 26.1(b).").

Here, appellants' notice of accelerated appeal states they are appealing "the interlocutory Order Denying Motion to Dissolve Temporary Injunction signed on August 22, 2024." Appellants did not file any notice of appeal challenging the trial court's temporary injunction order. Thus, the trial court's interlocutory order denying appellants' motion to dissolve the temporary injunction entered on August 22, 2024, not the temporary injunction order signed on October 10, 2023, is the only order before us on appeal.

"When, as here, the interlocutory appeal is from an order denying a motion to dissolve, and the initial order granting temporary injunctive relief was not appealed, we do not have jurisdiction to consider the propriety of the trial court's decision to grant the initial injunctive relief." *De Los Salmones v. Anchor Dev. Grp., LLC*, No. 14-20-00720-CV, 2022 WL 1218541, at *3 (Tex. App.—Houston [14th Dist.] Apr. 26, 2022, no pet.) (mem. op.). "We presume the injunction was not improvidently granted and that the record supports the trial court's action." *Id.* "Our review of the trial court's order denying dissolution of the injunction is limited to the narrow question of whether that action by the trial court constitutes a clear abuse of discretion." *Yuwei Enter., Inc. v. Bayou Social Club, LLC*, No. 14-24-00109-CV,

2025 WL 411683, at *2 (Tex. App.—Houston [14th Dist.] Feb. 6, 2025, no pet.) (mem. op.). To the extent that appellants seek to challenge the temporary injunction order signed by the trial court on October 10, 2023, such a challenge is beyond the scope of this appeal. *See Guardianship of Stokley*, No. 05-10-01660-CV, 2011 WL 4600428, at *2 (Tex. App.—Dallas Oct. 6, 2011, no pet.) (mem. op.); *see also Lee-Hickman's Invs. v. Alpha Invesco Corp.*, 139 S.W.3d 698, 700 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.).

## C.    Motion to Dissolve Temporary Injunction

Appellants assert that the trial court abused its discretion in denying their motion to dissolve the temporary injunction because HVM did not provide evidence of irreparable injury. HVM responds that appellants' brief makes clear they are impermissibly attempting to relitigate the legal and evidentiary basis for the temporary injunction order rather than challenging the denial of their motion to dissolve.

The purpose of a motion to dissolve is to provide a means to show changed circumstances or a change in the law that requires modification or dissolution of the injunction; the purpose is not to give an unsuccessful party an opportunity to relitigate the propriety of the original grant. *Sewell v. Hardriders, Inc.*, No. 14-12-00541-CV, 2013 WL 3326798, at *2 (Tex. App.—Houston [14th Dist.] June 27, 2013, no pet.) (mem. op.); *Kassim v. Carlisle Interests, Inc.*, 308 S.W.3d 537, 540

8

(Tex. App.—Dallas 2010, no pet.). Changed circumstances are conditions that alter the status quo existing after the temporary injunction was granted that make the injunction unnecessary or improper. *Gruss v. Gallagher*, 680 S.W.3d 642, 660 (Tex. App.—Houston [14th Dist.] 2023, no pet.). Changed circumstances may include an agreement of the parties, newly revealed facts, or a change in the law that makes the temporary injunction unnecessary or improper. *Id.*; *Murphy v. McDaniel*, 20 S.W.3d 873, 878 (Tex. App.—Dallas 2000, no pet.). Absent "new evidence" showing a change in circumstances or fundamental error, the trial court "has no duty to reconsider the grant of an injunction." *Bone v. Moss*, No. 05-21-00436-CV, 2022 WL 484312, at *5 (Tex. App.—Dallas Feb. 17, 2022, no pet.) (mem. op.); *see also Kassim*, 308 S.W.3d at 540 ("[A] trial court generally has no duty to dissolve an injunction unless fundamental error has occurred or conditions have changed."). "The determination of whether to dissolve a temporary injunction lies within the sound discretion of the trial court, and we will not overrule its determination absent an abuse of discretion." *Kassim*, 308 S.W.3d at 540.

Here, the trial court conducted hearings on appellants' motion to dissolve and amended motion to dissolve the temporary injunction on August 1, 2024 and August 22, 2024. A review of the record shows that appellants did not present any evidence at either hearing. Rather, counsel simply argued that the extensive discovery that had been conducted constituted new facts and changed circumstances. And,

9

although appellants' amended motion to dissolve asserted that the temporary injunction should be dissolved because newly revealed facts created changed circumstances, the motion included no evidence at all, much less evidence of changed circumstances. *See Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 834 (Tex. App.—Austin 1984, no writ) (concluding trial court did not abuse discretion in denying defendant's motion to dissolve temporary injunction where he presented no evidence to support dissolution at hearing and case was based exclusively on counsel's argument). Appellants' assertions in their motion to dissolve and amended motion to dissolve and counsel's argument at the hearings do not constitute evidence of changed circumstances. *See In re Estate of Martinez*, No. 01-18-00217-CV, 2019 WL 1442100, at *4 (Tex. App.—Houston [1st Dist.] Apr. 2, 2019, no pet.) (mem. op.) ("Neither allegations in pleadings and assertions in motions nor arguments of counsel constitute evidence.").

Moreover, in their brief on appeal, appellants make no mention whatsoever of changed circumstances. Rather, they argue only that the trial court abused its discretion in denying their motion to dissolve the temporary injunction because HVM failed to prove that they would suffer irreparable injury—an element that an applicant must plead and prove to show that it is entitled to injunctive relief. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). As previously noted, the purpose of a motion to dissolve is not to give an unsuccessful party an

opportunity to relitigate the propriety of the original grant but to provide a means to show changed circumstances or a change in the law requiring modification or dissolution of the injunction. *See Sewell*, 2013 WL 3326798, at *2.

In the absence of any evidence of changed circumstances or evidence that revealed fundamental error which would support dissolving the temporary injunction, the trial court did not abuse its discretion in denying appellants' motion to dissolve. *See Kassim*, 308 S.W.3d at 540 ("The parties do not assert, nor does the record reflect, any changed circumstances or conditions. Because KAI's issues concerning irreparable harm and default under the Lease pertain to the propriety of the initial award of injunctive relief, they are outside the scope of our review."). Accordingly, we overrule appellants' sole issue.

## Conclusion

We affirm the trial court's order denying appellants' motion to dissolve the temporary injunction.

Kristin M. Guiney
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

11